## COMMONWEALTH *vs.* JAMES KEENAN.

A trial justice, who is at the same time clerk of courts for the county, is not disqualified to pass judgment on a criminal complaint because he may receive compensation in legal fees for official services which it may become his duty to perform, as such clerk, in relation to the case, if it shall be removed to the superior court by appeal from his decision.

COMPLAINT for making an unlawful sale of intoxicating liquor. The case was tried originally, on August 27, 1867, before James B. Crocker, esquire, a trial justice for Barnstable, and afterwards in the superior court, on appeal, before *Rockwell,* J., who allowed the following bill of exceptions:

" It appeared, at the trial in the superior court, that the said trial justice, at the time of the making of the complaint, and on the day of the original trial thereupon, (which said complaint was received by said trial justice, and upon which said justice issued the warrant,) was clerk of the superior court of said county of Barnstable, and has ever since been, and now is, clerk as aforesaid; also, that there were seven other trial justices appointed and qualified as such within and for said county; and also that the fees of the clerk of the superior court for said county have never in any one year amounted to the sum of one thousand dollars, which amount of fees said clerk is authorized by law to retain to his own use as compensation for his services.

" The defendant asked the judge to rule, on the foregoing facts,

that said trial justice, James B. Crocker, was interested in the trial or result of the complaint referred to ; and was interested to decide the same against the defendant to a greater extent than the other trial justices of said county ; and so had no jurisdiction of the original complaint; and that the defendant could not be held or convicted upon the appeal from said trial justice. But the judge declined so to rule ; and the defendant was found guilty, and alleged exceptions."

*J. M. Day,* for the defendant. The most minute interest not common to other magistrates having jurisdiction of a case disqualifies a magistrate possessing such interest. *Commonwealth* v. *Ryan,* 5 Mass. 90. *Pearce* v. *Atwood,* 13 Mass. 324. *Commonwealth* v. *McLane,* 4 Gray, 427.

By the St. of 1867, *c.* 295, § 1, the clerk of courts for the county of Barnstable is entitled to one half of all fees received by him above one thousand dollars. The fact that the fees of the clerk have never reached one thousand dollars is immaterial. It might have been otherwise. *Hush* v. *Sherman,* 2 Allen, 596. It is not necessary that the magistrate should have a legal interest in the judgment he is to pronounce. He is disqualified to act if it would be more advantageous for him to decide against a defendant than in his favor. *Richardson* v. *Welcome,* 6 Cush. 331.

*C. Allen,* Attorney General, for the Commonwealth. By the Gen. Sts. *c.* 121, § 24, the clerk is allowed to retain one thousand dollars of his fees for his annual salary ; and by the St. of 1867, *c.* 295, § 3, it is provided that, if his fees do not amount to that sum, the deficiency shall be paid to him by the county treasurer. In point of fact the clerk's fees have never amounted to one thousand dollars. So far as appears, the magistrate had no interest in favor of conviction. His interest was, if anything, the other way : because an appeal would increase his work without increasing his compensation. This view renders it unnecessary to consider whether his alleged interest would not, under any circumstances, be too remote to disqualify him. *Leominster* v. *Fitchburg & Worcester Railroad Co.* 7 Allen, 38.

WELLS, J. The fees which the law gives for the performance

of official duties in relation to civil or criminal proceedings, do not constitute an interest in the proceedings. They are to be regarded simply as an equivalent for the service performed. A magistrate is not disqualified to render a judicial decision because he may thereby make further official action necessary for which he will receive the appropriate compensation in fees. And the court are of opinion that the case is not changed by the fact that such subsequent service is to be rendered, and fees received, in a different official capacity. The ground of interest relied upon to deprive the magistrate of the jurisdiction which he exercised in this case, is too remote and contingent to have that effect; and his interest is also, in legal estimation, equally balanced. The exceptions are therefore overruled.*

---

* A similar decision was made in the case of COMMONWEALTH vs. JOHN McMANUS, which was argued at the same time with the foregoing case, and by the same counsel.