SUSAN S. FLETCHER, administratrix, in equity,

*vs.*

THE SOMERSET RAILROAD COMPANY and others.

Somerset.   Opinion February 21, 1883.

*Levy.   Appraisers.   Disinterested men.*

Persons residing and having taxable estates in a town, which, in its corporate capacity, is a stockholder in a railroad company, are not incompetent from interest, to act as appraisers in the levy of an execution against such company.

ON REPORT on agreed statement.

The plaintiff brings this bill as administratrix on the estate of George A. Fletcher against the Somerset Railroad Company, John Ware and Fred A. Coolidge.

The bill sets out that the complainant as administratrix recovered judgment against the railroad company October 18, 1881, for one thousand two hundred and one dollars damages, and forty-eight dollars and nine cents costs of suit, and November 11, 1881, she caused the same to be levied on certain real estate of the company in Anson—a real estate attachment having been made on the original writ February 17, 1876.

That S. C. Mills and Company caused to be made a real estate attachment in an action in their favor, against the same railroad company January 26, 1876, and recovered judgment in that action against the company for two thousand eight hundred fifty-six dollars and sixty-seven cents damages, and thirty-nine dollars and three cents costs of suit, and caused the same to be levied by Fred A. Coolidge, one of the defendants, who was a deputy sheriff, upon the same real estate upon which the complainant's levy was subsequently made as above stated. That S. C. Mills and Company, July 12, 1881, conveyed their interest in the land levied upon to John Ayer, another of the defendants.   That James J. Parlin and Sherman W. Hapgood, two of the appraisers at the time of the levy of the judgment of S. C. Mills and Company, were at

the time inhabitants of the town of Anson, and that town was at: the same time a stockholder in The Somerset Railroad Company. And the bill prayed that Coolidge be required to amend his. return of the levy of the judgment of S. C. Mills and Company, in accordance with the facts ; that the levy be declared void and that Ayer be required to release to the complainant in order· to remove the cloud from her title.

*A. H. Ware,* for the plaintiff.

The statute requires appraisers to be disinterested men. Were· Parlin and Hapgood disinterested ?

In a case in Massachusetts, *Boston* v. *Tileston,* 11 Mass. 468,. the court say,

"As it is to be presumed in this case that the officer who served. the execution returned that the appraisers were disinterested freeholders, perhaps on a trial between the parties that fact would not be traversable. But here the parties have agreed: that the appraisers were inhabitants of the town of Boston. As· such they were parties to the suit in which the execution issued, and as such they were certainly not disinterested. The statute· referred to by the counsel for the demandants has removed the· objection of incompetency as witnesses from corporators, which shows that they were not competent at common law. But it would be going far beyond the plain and apparent intent of the· legislature to extend that provision to the case of appraisers on the extent of executions."

In *Norridgewock* v. *Sawtelle,* 72 Maine, 486, the court held that a justice of the peace, chosen by the officer to hear a poor· debtor's disclosure, who resided in the town of Norridgewock,. was not disinterested.

No juror can sit in a case where his town is interested. *Hawes·* v. *Gustin,* 2 Allen, 403.

No judge is allowed to sit in the trial of an action in which the· county or town in which he resides is a party or interested. R. S., c. 82, § 29 ; *Pearce* v. *Atwood,* 13 Mass. 324.

*G. T. Stevens,* for The Somerset Railroad Company.

*C. A. Harrington,* for John Ayer.

*D. D. Stewart,* for Fred A. Coolidge.

PETERS, J. Waiving all preliminary questions standing in the way of it, we will examine the question, whether the appraisers in the first levy were competent persons for the duty performed by them. It is alleged that they were not disinterested, because the town, in which they resided and where they possessed taxable estates, was a stockholder in the railroad corporation upon the property of which the execution was extended. The town of Anson was a stockholder in its corporate capacity in the Somerset Railroad Company. The execution was against the railroad company. Two of the appraisers were residents of and owners of property in Anson. The land levied upon was situated in Anson.

The complainant relies upon the case of *Boston* v. *Tileston*, 11 Mass. 468. It was held in that case that an inhabitant of Boston was not a competent person to be an appraiser of land upon an execution in favor of Boston. The facts of that case differ from the facts in this case. There the appraiser was in some sense a party to the execution. Here the appraiser was in no sense a party. In *State* v. *Stuart*, 23 Maine, 111, it was held that, by the common law, inhabitants of a town were competent witnesses to sustain a liquor prosecution, where the penalty to be recovered would go to the town. That case is directly relied upon as an authority and its doctrine affirmed in *State* v. *Woodard*, 34 Maine, 293. In *State* v. *Intoxicating Liquors*, 54 Maine, 564, the objection that a police judge was interested for the same cause, was overruled.

In the case at bar, if the appraisers had any interest, it was not against but in favor of the complainant. The creditor in the execution that was first levied, where the inhabitants of Anson were appraisers, was the first attacher. The complainant was a second attacher of the land of the railroad company, and both executions were levied upon the same parcel of land. It could make no difference to the company, nor to the town, nor to the appraisers living in the town, whether one creditor or another creditor should collect his debt out of the land levied on. The liabilities of the company would be the same, if the appraisals were alike. The only possible interest or bias which the

appraisers could have felt would be to give the first creditor as small an amount of land as they could for his debt. This would help the second attacher. The less the first attacher got, the more the second attacher would get. The complainant suffered no injury, and is entitled to no relief, if the interest of the appraisers was in his favor, nor if the interest in legal estimation was a balanced interest; inasmuch as all other parties are satisfied. *Cutting* v. *Rockwood*, 2 Pick. 442 ; *Com.* v. *Keenan*, 97 Mass. 589.

If the appraisers had any interest either way, it was too remote, uncertain, contingent, speculative, theoretic and unsubstantial, to be legally estimated.

*Bill dismissed.*

APPLETON, C. J., WALTON, BARROWS and DANFORTH, JJ., concurred.