## TOUHY & GREEN *v.* RECTOR.

APPEALS—*Practice on, from Justices' court.*—Upon appeal from a justice of the peace, the circuit court does not review the case as upon error, but tries it anew, as if no judgment had been rendered, and no appeal can be taken except from the judgment.

It is error, on dismissal of an appeal, for want of jurisdiction, to render judgment for costs.

*Appeal from Pulaski Circuit Court.*

HON. JOHN WHYTOCK, Circuit Judge.

*T. D. W. Yonley and Farr & Fletcher*, for appellants.

*Duffie & Jones*, for appellee.

HARRISON, J.

Rector, on the 12th day of August, 1870, recovered, before a justice of the peace of Pulaski county, a judgment against Touhy & Green for two hundred dollars, from which, as appears from the justice's docket, the defendants, on the same day, "prayed an appeal to the circuit court, which was granted, by their giving bond;" but it does not appear, from the entries on the docket, or otherwise, that an affidavit for appeal was made or filed, or that an appeal bond was taken and approved by him; and no transcript was ever filed in the circuit court, except the one in the proceedings hereafter mentioned.

On the 21st day of May, 1869, an execution was issued on the judgment, which the defendant applied to the justice to quash, upon the ground, as appears by their motion, among the papers of the case, that an appeal had been taken from the judgment; and, upon his refusal to do so, they appealed from his decision to the circuit court.

The transcript filed with the clerk, upon which their appeal was obtained, contained not only the decision from which they sought an appeal, which, if the same were a judgment, was all that was required by the Code, but, also, all the entries in the justice's docket relating to the case, according to the former practice.

The circuit court, on motion of the plaintiff, dismissed the case, but rendered judgment in his favor, against the defendants, for costs,

When the judgment in this case was rendered, and until the adoption of the Code, an affidavit was a prerequisite to the granting of an appeal by a justice of the peace; and as none appears to have been made, it is, therefore, very clear, notwithstanding the statement upon the docket, that it "was granted

by their giving bond,". that no appeal from the judgment was in fact taken.

Upon appeal from a justice of the peace, the circuit court does not review the case, as upon error, but tries it anew, as if no judgment had been rendered; and no appeal can be taken except from the judgment. *Code, secs. 828 and 830.* If errors are committed in proceedings, subsequent to the judgment, the court possesses other means appropriate for their correction.

The cause was, therefore, properly dismissed, but the circuit court, having no jurisdiction, its judgment in favor of Rector for costs was erroneous and void, and must be set aside.