## THOMAS v. STATE.

CRIMINAL PRACTICE: *On appeal from J. P.: Appellant failing to appear.*

On appeal from a justice of the peace to the circuit court in a criminal prosecution, the case stands for trial *de novo*. The statute does. not authorize an affirmance of the judgment on failure of the applicant to appear; but the court may, in its discretion, order him to be brought in on warrant, or may dismiss his appeal and order the justice to execute his judgment.

ERROR to *Baxter* circuit court.

Hon. R. H. POWELL, Circuit Judge.

*Geo. W. Williams* and *J. L. Abernethy* for plaintiff in error.

1. Every person is entitled to a trial by jury in a criminal case, *Art. 2, sec. 10 Const.*, and judgment by default can not be rendered. In the circuit court the case stood for trial *de novo*. *Gantt's Dig., sec. 3,826.*

2. The motion to dismiss was *joint*, and if sustained as to one should have been as to both joint defendants.

3. No plea was entered in the justice's court, and the circuit court could not render judgment without a plea in a criminal case. *34 Ark., 375; 28 Cal., 328; 3 Wis., 820; 65 Ill., 301; 3 Pin., 367.*

*C. B. Moore*, Attorney General for the State.

The bond was not approved by the justice. *Acts 1881, p. 151; Morrison v. State, 40 Ark.*, and the appeal should have been *dismissed.*

The case stood for trial *de novo, Gantt's Dig., sec. 2,109*, and the circuit court could not *affirm* or render judgment by default.

ENGLISH, C. J. In September, 1882, David Brundage and David Thomas were charged with larceny before a justice of the peace of Baxter county.

On the day set for trial (ninth of October, 1882) the defendant moved that James Lingo, the prosecutor, be required to give bond for costs, and the justice so ordered. Whereupon Lingo filed an affidavit that he was unable to give bond to prosecute the case, and that he had been injured in his personal property. Thereupon the justice ordered a jury and proceeded with the trial; defendants were found guilty, and the verdict and judgment were that each of them be fined $25 and imprisoned in the county jail for twenty-four hours. They prayed an appeal to the circuit court, which was granted by the justice.

At the next term of the circuit court, to which the appeal was taken, Brundage appeared in person, but Thomas failed

to appear otherwise than by attorney. The attorneys for defendants renewed the motion made before the justice, that Lingo, the prosecutor, be required to give bond for cost, and that on his failure to do so, or to make the affidavit required by the statute, the prosecution be abated. The court overruled the motion as to Thomas, he having failed to appear personally to prosecute his appeal, but sustained the motion as to Brundage, with leave to James Graves, the alleged owner of the stolen property, to.execute bond for costs, and he declining to give bond, or make affidavit of his inability to do so, the court rendered judgment abating the prosecution as to Brundage and discharging him with costs.

Thomas was then called, failed to appear, and the judgment of the justice as to him was affirmed with costs, and execution awarded.

° Whether the court below erred in abating the prosecution as to Brundage is not before us, the State having taken no appeal.

CRIMINAL PRACTICE: Appeal from J. P. Appellant failing to appear. On appeal from a judgment of a justice of the peace to the circuit court, in a criminal prosecution, the case stands for trial *de novo.* The statute does not authorize an affirmance of the judgment on failure of the appellant to appear. *Gantt's Dig., sec. 2,109,*

The court, in its discretion, may order appellant brought in on a warrant, or dismiss the appeal, and award a mandate to the justice to execute his judgment.

Reversed and remanded for further proceedings.