## McCall v. Helena.

Opinion delivered June 1, 1908.

MUNICIPAL COURTS—JURISDICTION OVER MISDEMEANORS.—Under Kirby's Digest, § 5634, providing that the police court "shall have concurrent jurisdiction with justices of the peace over all misdemeanors committed in violation of the laws of the State within the corporate limits of such city," a police court has jurisdiction of a prosecution for carrying a pistol unlawfully in the city, although there was no city ordinance making it unlawful to carry a pistol.

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*W. G. Dinning,* for appellant.

Nowhere in the evidence is it shown that there was any ordinance making it unlawful to carry a pistol as a weapon. Courts do not take judicial cognizance of city ordinances. 68 Ark. 483; 80 *Id.* 264.

*Edwin Bevens,* city attorney, for appellee.

Police courts have concurrent jurisdiction with justices of the peace over misdemeanors committed in the city limits. Const. art. 7, § 43; Kirby's Digest, § § 5634-5; 68 Ark. 244. The police had jurisdiction to try him under the State law (68 Ark. 244), and is presumed to have followed the law until the contrary is shown. 72 Ark. 590.

BATTLE, J. Dug. McCall was arrested for unlawfully carrying a pistol in the city of Helena, and was tried and convicted of that crime in the police court of that city. He appealed to the Phillips Circuit Court, and was again convicted. He then appealed to this court.

The only reason he gives why the judgment of the circuit court should be reversed is, there was no evidence adduced in his trial to prove that there was an ordinance of the city of Helena making it unlawful to carry a pistol. None was necessary. There is a statute of the State making it a misdemeanor to carry pistols; and section 5634 of Kirby's Digest provides: The police court of any city of the first class "shall have concurrent jurisdiction with justices of the peace over all misdemeanors committed in violation of the laws of the State within

the corporate limits of such city, * * * and all fines imposed in the police court shall be paid into the city treasury."

Judgment affirmed.