SEARCY *v.* TURNER.

Opinion delivered November 23, 1908.

1. MUNICIPAL ORDINANCE—ADOPTION OF STATUTE—Under Kirby's Digest, § 5463, authorizing municipal councils "to prohibit and punish any act, matter or thing" which the laws of this State make a misdemeanor," a city ordinance adopting certain statutory provisions relat-

ing to misdemeanors will be held to have made such provisions a part of the valid ordinances of the city. (Page 212.)

2. MUNICIPAL COURT—JURISDICTION.—A mayor of a city of the second class, under Kirby's Digest, § 5634, has the same jurisdiction to hear and determine cases under the criminal laws of the State as a justice of the peace, and may enforce the laws prohibiting the illegal sales of liquor. (Page 213.)

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; reversed.

### STATEMENT BY THE COURT.

On the 30th day of May, 1908, J. N. Rachels made the following affidavit before T. B. Rogers, mayor of the city of Searcy, Arkansas:

"Affidavit for Search Warrant.
"County of White, City of Searcy:

"Comes J. N. Rachels, and on oath states that a firm doing business in the city of Searcy on Spring Street, by the name of Turner & Slaughter, are keeping alcoholic liquors in their place of business for sale and to be given away, under a method known and commonly called the "Blind Tiger" method, and prays a warrant from T. B. Rogers, mayor of the city of Searcy, Arkansas, authorizing C. M. King, marshal of the city of Searcy, to enter said house and search for the same.

"J. N. Rachels.

"Subscribed and sworn to before me on this 30th day of May, 1908.

"T. B. Rogers, Mayor."

And on that date the said T. B. Rogers, mayor of Searcy, issued search warrant directing the marshal of said city to search the building then occupied by Turner & Slaughter for alcoholic liquors, which was returned on the 30th day of May, 1908, as follows: "I have this the 30th day of May, 1908, in the night time, duly served the within warrant by searching the within named Turner & Slaughter's place on Spring Street, and found Government license and six bottles of Schooner Brew, and which I have the said Turner & Slaughter and Schooner Brew in custody, and at the command of the court as herein commanded.

"Claud M. King, City Marshal."

The cause was set down for a hearing before the mayor of Searcy on June 1, 1908, at which time the defendant filed a demurrer to the charge, which was by the court overruled, and, after the introduction of evidence and argument of counsel, the defendant was found guilty of running a "blind tiger" and fined $100. From the decision of the mayor's court the defendant appealed to the circuit court, and, upon the calling of the cause for trial at the July term, 1908, of said court, the court sustained the defendant's demurrer and dismissed said cause. From which judgment of the court in sustaining the demurrer to the affidavit, the city of Searcy by her attorney has taken this appeal.

*S. Brundidge, Jr.,* for appellant.

The affidavit was made and warrant issued under the provisions of § § 5740-5746, and § 5137, Kirby's Digest, which had been adopted by the city council of appellant and incorporated into the laws and ordinances of the city, as it had the right to do. Kirby's Digest, § 5463; 85 Ark. 403; Kirby's Digest, § 2083, subdiv. 4. The affidavit charged appellee with running a "blind tiger," and was sufficient. 45 Ark. 538; *Id.* 245; Kirby's Digest, § § 2482-83. If the mayor had no jurisdiction under the ordinance, he still had jurisdiction as *ex-officio* justice of the peace, and on appeal the case should have been tried *de novo.* 68 Ark. 247.

WOOD, J., (after stating the facts.) Section 5463 of Kirby's Digest is as follows: "The town or city council in all cities or incorporated towns in this State are hereby authorized and empowered to prohibit and punish any act, matter or thing which the laws of this State make a misdemeanor, and to prescribe penalties for all offenses in violating any ordinance of said city or town not exceeding the penalties prescribed for similar offenses against the State laws by the statutes of this State."

The statute was passed February 19, 1897. This record shows that the city council of the city of Searcy on February 1, 1900, incorporated into its laws and ordinances the statutes of the State as now contained in § § 5140-6, and § 5137 of Kirby's Digest, prohibiting the sale, etc., of liquors by the "blind tiger" and authorizing their destruction, etc.

This action of the city council made these various provisions.

valid ordinances of the city of Searcy. Kirby's Digest, § 5463; *Burrow* v. *Hot Springs,* 85 Ark. 403.

But for another reason the mayor had jurisdiction, and the demurrer should have been overruled. Under section 2083, Kirby's Digest, 4th clause, *supra,* the mayor of the city of Searcy had the same jurisdiction over offenses against the laws of the State committed within the city limits as a justice of the peace. The case is ruled therefore by *Marianna* v. *Vincent,* 68 Ark. 247, where we said: "There is no mention of an ordinance, or reference to one, in the affidavit or warrant. The crime alleged in them was at all events a violation of the State law; that is a violation of section 4862 of Sandels & Hill's Digest. The mayor of a town has the same jurisdiction to hear and determine cases under the criminal laws of the State as has a justice of a peace. See section 5256 of Sandels & Hill's Digest. The mayor having once obtained jurisdiction, the case should not have been subsequently dismissed for want of jurisdiction by the circuit court, merely on mistake of law made by the mayor or for any other irregularity; but it should have proceeded to try the case *de novo,* and render such judgment as was proper therein."

The affidavit and the arrest under it gave the mayor jurisdiction. *Kinkead* v. *State,* 45 Ark. 538; *Elmore* v. *State,* 45 Ark. 245; sections 2482-3 Kirby's Digest; *McCall* v. *Helena,* 86 Ark. 442.

The judgment is therefore reversed, and the cause is remanded with directions to overrule the demurrer.