### WALKER *v.* FAYETTEVILLE.

### Opinion delivered January 31, 1910.

1. MUNICIPAL CORPORATIONS—JURISDICTION OF COURTS.—Under Kirby's Digest, § 2083, conferring on city and police courts concurrent jurisdiction with courts of justices of the peace in prosecutions for misdemeanors committed within the city, a mayor of a city of the second class has jurisdiction over all misdemeanors committed within the city, even where they involve imprisonment in the county jail. (Page 444.)

2. TRIAL—IMPROPER REMARKS OF COUNSEL.—Improper remarks made by counsel for the State in the argument of a criminal case will not be reversible error where the court promptly reprimanded counsel and admonished the jury not to consider them. (Page 446.)

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; affirmed.

*W. L. Stuckey,* for appellant.

1. The evidence does not support the verdict.

2. Where public offenses are punishable by both fine and imprisonment, the statute does not confer jurisdiction upon police courts concurrent with justices of the peace. Dillon on Mun. Corp. (2 ed.), § § 358, 359; Kirby's Dig. § 5626; *Id.* § § 2081, 2082, 2086, 2110, 2476, 5471, 5464, 5465; art. 2, § § 7, 8 Const. Ark.; art. 8, § 49, *Id.*

HART, J. On the 7th day of August, 1909, George Walker was arrested by the chief of police of the city of Fayetteville, Arkansas, for disturbing the peace. He was tried and convicted before the police court, his punishment being fixed at a fine of $200 and six months' imprisonment in the county jail. Walker appealed to the circuit court, where he was tried before a jury, and again convicted, his punishment being assessed at a fine of $300 and six months imprisonment in the county jail. From the judgment rendered upon the verdict he has appealed to this court.

The affidavit for a warrant of arrest charged that George Walker was guilty of disturbing the peace within the corporate limits of the city of Fayetteville in violation of the statutes of the State of Arkansas.

Under section 2083 of Kirby's Digest, conferring on city and police courts concurrent jurisdiction with justice's courts of prosecutions for misdemeanors committed in the city, the mayor of a city has jurisdiction over offenses within the city in violation of the State statutes. *Searcy* v. *Turner*, 88 Ark. 210; *McCall* v. *Helena*, 86 Ark. 442; *Barnett* v. *Malvern*, 92 Ark. 483; *Marianna* v. *Vincent*, 68 Ark. 247.

In the case of *McCall* v. *Helena, supra*, the court held that under section 5634 of Kirby's Digest the police court shall have concurrent jurisdiction with the justices of the peace over all misdemeanors committed in violation of the laws of the State within the corporate limits of the city.

It is claimed by counsel for appellant that these cases are not authority in the present case because a part of the punishment in the present case was imprisonment in the county jail. We can not see how this affects the question of jurisdiction. The crime charged is a misdemeanor, and the statute expressly confers upon police courts the same jurisdiction to hear and determine such case as has a justice of the peace.

Next, it is strongly insisted by counsel for appellant that the evidence is not sufficient to support the verdict. It is proved that some one on the 7th day of August, 1909, about 15 or 20 minutes after 11 o'clock in the night threw rocks against the doors and sides of the dwelling houses of some of the citizens of the city of Fayetteville, Arkansas, residing on Ralston Street.

This is conceded by counsel for appellant, but they contend that the proof does not show that appellant committed the offense. The chief reliance for a conviction was upon the testimony of George Raedels and Arch Wright. Raedels testified that the first rocks were thrown by a man across the street from his house. That the man had on a black suit of clothes, was not in his shirt sleeves and was going north. The next rocks were thrown in a few minutes. Raedels said he saw the second man come down the street. Just as he got even with McLendon's, he threw a rock through his door. He was on the sidewalk, and when he got in front of Raedel's house he threw a rock through his transom, and Raedel shot. The man who threw the rocks ran south towards Dixon Street on which Mr. Scott's house faces. Raedels ran at once through Scott's back yard to the front of his house. Scott asked who threw the rocks. Just then a man turned the corner of Ralston Street into Dickson Street. Mr. Arch Wright, who was present, said that the man looked like George Walker. Raedels then said he was the man who threw the rocks, and that for the first time after Wright called his name, he recognized him as George Walker. Wright says that Raedels said to him and Scott: "There is the fellow that was throwing the rocks," and he replied: "Well, that looks like George Walker." He said the man had on a light hat, and was in his shirt sleeves. Wright said that he "would not swear that the man pointed out was George Walker." He further said: "To the best of my knowledge and belief, the man who Raedels said was the man who threw the rocks and whom I saw pass our house was the defendant, George Walker." Both Raedels and Wright knew George Walker well, and had known him for ten or twelve years. When arrested, Walker had on a light hat and pants. Several other witnesses who saw him that night also testified to this fact.

On cross-examination Raedels testified that he would not swear that George Walker was the man who threw the rocks, but. after saving this several times and also making the statement that the man who threw the rocks had on a black hat and dark pants, the record shows that he concluded his testimony with the following: "The man's general appearance, size, form and build was the same of George Walker. I have known George

Walker for more than twelve years. To the best of my knowl-edge and belief, the man who threw the rocks was George Walker. His actions and conduct disturbed me and disturbed the peace and quiet of the town of Fayetteville, Ark."

George Walker testified in his own behalf. He said that he had on light colored pants and a white hat on the night in question, and denied having thrown the rocks. Other evidence was adduced by him showing that his testimony in regard to the color of his clothes was true; and also to the effect that the man who threw the rocks had on dark colored clothes. All this, how-ever, presented a conflict in the testimony to be passed upon by the jury. It must be remembered that, however great was the doubt and uncertainty first expressed by Raedels as to the identity of the appellant as being the man who threw the rocks, he closed his testimony by saying that he had known George Walker for more than twelve years, and that to the best of his knowledge and belief he was the man who threw the rocks. The jury have shown by their verdict that they believed this statement, and their determination is binding upon us.

Counsel for appellant also rely for a reversal upon the fol-lowing language used by the attorney for the city in his closing argument to the jury: "The police judge fined him $200, and sentenced him to six months in jail, because he knew this man, and I want you gentlemen to affirm the decision of the lower court, place on him the highest penalty of the law, put him in jail where he can't run over people rough shod and destroy their property." Counsel for appellant objected to the statement. "Whereupon the court reprimanded the city attorney, Mr. Till-man, and told the jury they should not consider said statement of the city atorney; that the same was improper, and that they should try the case on the evidence and law before them, and not consider any action of the police court in this cause."

We think the action of the trial judge removed whatever prejudice might have resulted to appellant from the remarks of the city attorney. His prompt reprimand of the city attorney and his admonition to the jury, as shown by the record quoted, were calculated to carry greater weight than the remarks of the city attorney, and doubtless overcame whatever advantage might have been obtained by making the remarks. Hence no reversi-

ble error was committed.  *Kansas City Southern Ry. Co.* v. *Murphy,* 74 Ark. 256.

We find no prejudicial error in the record, and the judgment will be. affirmed.