## LAUR v. STATE.

### Opinion delivered February 28, 1910.

1. APPEAL AND ERROR—HARMLESS ERROR.—Where the defendant in a misdemeanor case was tried before a mayor and moved to require the prosecuting witness to give a bond for costs, and his motion was overruled, and, on being convicted, he appealed to the circuit court, where he renewed his motion, and it was sustained, he cannot complain on appeal to the Supreme Court because the mayor refused to require the bond for costs. (Page 179.)

2. MUNICIPAL CORPORATION—JURISDICTION OF MAYOR IN MISDEMEANORS.—It is immaterial in a misdemeanor case that the ordinance under which a mayor of a town undertook to fine the accused was void if the crime for which he was tried constituted a misdemeanor under the criminal laws of the State. (Page 180.)

3. BREACH OF PEACE—WHAT CONSTITUTES.—One who approaches another in front of his place of business, and begins to curse and abuse him and makes demonstrations as if to strike him, is guilty of a breach of the peace. (Page 180.)

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

*C. M. Brice,* for appellant.

1. Defendant having been tried for an offense in the mayor's court, it was error to place him on trial for a distinct

offense in the circuit court on appeal.  53 Ark. 368; 63 *Id*. 307; 77 *Id*. 234; 84 *Id*. 352; 4 A. & E. Ann. Cas. 1.

2.  There is no testimony to support the verdict of conviction.

3.  A cost bond being necessary to give jurisdiction to the mayor's court, the circuit court acquired none on appeal.  84 Ark. 352; § 2476 Kirby's Dig.

*Hal L. Norwood,* Attorney General, and *Pettit & Pettit,* for appellee.

1.  Appellant's offense was properly tried as a violation of a State statute.  68 Ark. 247; 86 *Id*. 442; 88 *Id*. 210.

2.  The circuit court had jurisdiction, and the cost bond was properly filed in that court on appeal, without objection by appellant.  2 Ark. 332; 3 *Id*. 474; 5 *Id*. 703; 37 *Id*. 405; 49 *Id*. 143; 11 Cyc. 187.

3.  The undisputed evidence sustains the verdict of conviction.

HART, J.  J. W. Allen made affidavit before H. D. Sebree, mayor of the town of Almyra, in Arkansas County, that C. T. Laur had committed a breach of the peace within the corporate limits of said town by cursing him and threatening to fight.  Laur was duly arrested and brought before the mayor for trial.  He made a motion that Allen be required to give a bond for costs, which was overruled by the mayor.  Laur was tried and convicted.  He appealed to the circuit court, where he renewed his motion for a bond for costs.  His motion was sustained, and Allen filed a cost bond.  Laur was tried and found guilty before a jury, his punishment being assessed at a fine of $25.  From the judgment rendered upon the verdict he has appealed to this court.

Counsel for appellant assigns as error the action of the court in regard to the cost bond.  Appellant renewed his motion in the circuit court to require the prosecuting witness to give a bond for costs.  His motion was sustained, and the bond was filed.  The ruling of the circuit judge was right because there was a trial *de novo* in the circuit court, and the case should not have been dismissed for any mistake of law or irregularity committed in the mayor's court.  This is in accord with the practice suggested in *Mann* v. *State*, 37 Ark. 407.

Again, counsel for appellant objects that the ordinance under which Laur was tried in the mayor's court was invalid. As we have already seen, the trial in the circuit court was a trial *de novo,* and, the crime for which he was arrested being a violation of the criminal laws of the State, appellant was properly tried and convicted thereunder. This has been expressly decided in the following cases: *Barnett* v. *Malvern,* 62 Ark. 483; *Walker* v. *Fayetteville,* 63 Ark. 443; *McCall* v. *Helena,* 86 Ark. 442; *Searcy* v. *Turner,* 88 Ark. 210, and *Marianna* v. *Vincent,* 68 Ark. 247.

Counsel for appellant also insists that there was not sufficient evidence to support the verdict. It is sufficient answer to this to say that J. W. Allen testified that Laur approached him in front of his place of business in the town of Almyra and began to curse and abuse him and made demonstrations as if to strike him. This testimony was not even contradicted, and is sufficient to sustain the verdict.

The judgment will therefore be affirmed.