### DRIFOOS *v.* CITY OF JONESBORO.

### Opinion delivered February 17, 1913.

MUNICIPAL CORPORATION—AUTHORITY TO MAKE ARREST FOR MISDEMEANOR. —Although courts do not take judicial notice of town ordinances, it is immaterial if the ordinance which defendant is accused of violating is not proved, if the crime for which he was tried constituted a misdemeanor under the criminal laws of the State.

Appeal from Craighead Circuit Court, Jonesboro District; *W. J. Driver,* Judge; affirmed.

*Hawthorne & Hawthorne,* for appellant.

1. ''Process'' is a writ or summons issued in course of a judicial proceeding. Kirby's Dig. § 7815. Under the testimony to the effect that the police officers had no warrant or other process for Amory, there is clearly no evidence to sustain the verdict. Kirby's Dig. § 1960.

2. Instruction 1 given by the court is clearly erroneous in that it refers to an ordinance which was never introduced in evidence. Kirby's Dig. § 3066; *Id.* § 5471; 35 Ark. 75; 66 Ark. 35; 68 Ark. 483.

No brief filed for appellee.

SMITH, J. Upon an appeal to the circuit court from the judgment of the police court of the city of Jonesboro, the appellant was convicted of the offense of obstructing the police in the arrest of George Amory for a violation

of the ordinances of the city of Jonesboro. Upon the trial in the circuit court, the defendant was again convicted and was fined fifty dollars, and appeals from the judgment of the court imposing that fine. The evidence tended to show that a young man, named Amory, was drunk and came out of appellant's restaurant in that condition, when two members of the city's police force saw him and one of these officers said to the other, ''Let's take him and put him up; he is too drunk to be on the streets,'' and one of the officers put his hand on the drunk man's shoulder and asked him, ''Where are you going?'' when the drunk man drew his knife and backed away and staggered into appellant's place of business. The officers undertook to follow the drunk man, but were met by appellant at the door and refused admittance, and, the officers say, the appellant remarked with an oath that they would have to wait until the man came outside, that they could not arrest him while he was in appellant's place of business and that as they were not sure they had the authority to force their way into appellant's place, they left without making the arrest, but that they telephoned the chief of police, who told them to wait until morning and get a warrant from the police judge and this they did. Upon the other hand, appellant testified that he did not deny admission to the officers and did not prevent the arrest, but he says he saw the drunk man with a knife and one of the officers with a pistol, and he was afraid some one was going to be killed, as the drunk man had said he would not be taken out alive and he begged the officers to wait until the drunk man should leave his place. This conflicting evidence made a question of fact, which has been settled adversely to appellant's contention by the verdict of the jury.

Appellant did not deny the right of the officers to make the arrest, but he questions the sufficiency of the evidence to sustain the charge and he says there was no proof of any ordinance of the city on the question of resisting an officer. The court gave the following instruction to the jury:

"Gentlemen of the Jury: In this case, the defendant, George Drifoos, is charged with the offense of resisting an officer in the discharge of his duties, alleged to have been committed in the city of Jonesboro on the 16th day of October, 1912. The ordinance under which this is charged reads as follows: 'If any person shall unlawfully and wilfully resist any ministerial officer in the discharge of any official duty, he shall be deemed guilty of a misdemeanor,' and in this case if you find from the evidence beyond a reasonable doubt that within twelve months before the 16th day of October, 1912, this defendant wilfully and unlawfully resisted a police officer or officers in the city of Jonesboro, in the discharge of an official duty, you should find him guilty, in which event you will assess his punishment at a fine of not less than $50 and you may, if you see proper, under the evidence, imprison him for a period not exceeding six months in addition to the fine."

If there was a city ordinance on the subject, it was not introduced in evidence, although the judge appeared to be reading a city ordinance.

Courts do not take judicial notice of town ordinances. *Strickland* v. *Little Rock,* 68 Ark. 484. But it is immaterial whether there was a city ordinance on the subject or not. The instruction charged the law as found in section 1960 of Kirby's Digest in so far as that section was applicable to the facts here offered in evidence. The provisions of that section are as follows:

"Section 1960. If any person shall knowingly and wilfully obstruct or resist any sheriff, or other ministerial officer, in the service or execution of, or in the attempt to serve or execute any writ, warrant or process, original or judicial, in discharge of any official duty, in case of felony, or any other case, civil or criminal, or in the service of any order or rule of court, in any case whatever, he shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined in any sum not less than fifty dollars, and may also be imprisoned not exceeding six months."

A city policeman is a ministerial officer within the meaning of this section, and as such had a right to make the arrest for an offense committed in his presence, even though he had no warrant.    Kirby's Digest, section 2119.

We, therefore, conclude the court did not err in its instruction to the jury, even though there was no city ordinance on the subject, and the judgment of the court below is affirmed.    *Marianna* v. *Vincent*, 68 Ark. 244; Kirby's Digest, section 5634; *Laur* v. *State*, 94 Ark. 178; *McCall* v. *Helena*, 86 Ark. 442; *Searcy* v. *Turner*, 88 Ark. 210.

Affirmed.