JONES *v.* STATE.

Opinion delivered January 19, 1914.

1. APPEAL—TRIAL IN CIRCUIT COURT.—Upon an appeal from a justice court to the circuit court, the trial in the circuit court is *de novo.* (Page 53.)

2. BOND FOR COSTS—APPEAL TO CIRCUIT COURT.—Where defendant, who was charged with a crime, failed to move, in the justice court, to require the prosecutor to give bond for costs, as provided in Kirby's Digest, § 2476, he waives his right to require a bond in the circuit court, on appeal. (Page 53.)

3. BOND FOR COSTS—RIGHT IN INFERIOR COURT—EFFECT OF FAILURE TO REQUIRE.—The failure of the prosecutor to give bond for costs, under Kirby's Digest, § 2476, in a criminal prosecution, is a matter to be pleaded in abatement or in bar of the right to prosecute, and it should be made *in limine* in the court where the prosecution is initiated, and, under the statute, when the defendant fails to make a motion in the inferior court, he can not insist upon it elsewhere. (Page 53.)

4. CRIMINAL LAW—FAILURE TO PLEAD.—Defendant was convicted before a justice of a crime, and on appeal, moved to dismiss for failure of the prosecutor to give bond for costs; the court overruled defendant's motion, and defendant, desiring to stand on his motion to dismiss, refused to plead further. *Held,* defendant's action was tantamount to a plea of guilty on the merits and authorized the court to impose a fine upon defendant as upon such plea. (Page 53.)

Appeal from Conway Circuit Court; *Hugh Basham,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellant was convicted of petit larceny before a justice of the peace. He appealed to the circuit court, where he filed a motion to require the prosecutor to make bond for costs, under section 2476, of Kirby's Digest, which provides that, "In all prosecutions in cases less than felony in courts of justices of the peace and in other inferior courts, the prosecutor, or some person for him, shall enter into bond," etc.

Appellant did not move to require the bond in the justice court where the charge against him originated. The record recites that, "upon a hearing of said motion (to require bond), the court doth overrule and refuse said motion, to which ruling the defendant at the time ex-

cepted, and desiring to stand on his said motion, did not plead further herein. Wherefore, it is ordered and adjudged that the judgment of conviction of the justice court and the imposition of a fine of $10, together with costs of this suit, be, and the same is hereby affirmed."

The appellant duly prosecutes this appeal.

*W. P. Strait,* for appellant.

Failure of appellant to file motion to require bond for cost in the justice of the peace court, is not a waiver of his right to file such motion in the circuit court on appeal, because the trial there is *de novo.* Kirby's Digest, § 2580; 94 Ark. 178; 41 Ark. 408; 35 Ark. 445; 26 Ark. 315; 100 Ark. 499. In the circuit court, the trial being *de novo,* irregularities and omissions in the justice of the peace court can not affect the matter being tried on appeal. 94 Ark. 178; 36 Ark. 501; 37 Ark. 407; 2 Ohio Dec. (Reprint) 96; 2 Mo. App. 225.

Even had appellant failed to appear to prosecute his appeal, the circuit court would not have been justified in affirming the judgment. 41 Ark. 408. Here, however, appellant was present in person and by attorney, prosecuting his appeal, and the case standing for trial *de novo,* it was error to affirm the judgment of the justice of the peace court.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

The circuit court properly overruled appellant's motion for bond for costs because the statute provides that such bonds shall be given in *justice of peace and inferior courts,* and not in the circuit court, which is a superior court. Kirby's Digest, § 2476.

The defendant having failed to move for this cost bond in the justice court, has waived his right to require it. 2 Mo. App. 225; 17 Tex. 193-195; 41 S. W. (Tex.) 111; 37 Ark. 407; 12 Ill. 154; 6 Pac. 479, 480.

Appellant, after his motion to dismiss was overruled, declined to plead further, and it was proper for

the court to affirm the judgment of the justice of the peace court.

WOOD, J., (after stating the facts). 1. Under our statute and the decisions of this court, upon appeal from a justice court to the circuit court, the trial in the circuit court is *de novo.* Kirby's Dig., § 2580; *Touhy* v. *Rector,* 26 Ark. 315; *Hall* v. *Doyle,* 35 Ark. 445; *Thomas* v. *State,* 41 Ark. 408; *Laur* v. *State,* 94 Ark. 178; *Batesville* v. *Ball,* 100 Ark. 499. But the law does not require the prosecutor to enter into bond in the circuit court, and the issue can not be raised in the circuit court for the first time. The law only requires the bond to be made "in courts of justices of the peace and in other inferior courts." If the defendant fails to move for this bond in the inferior court, where the charge originated, he waives his right to require it.

A failure to give bond under the statute is a matter to be pleaded in abatement or in bar of the right to prosecute, and it should be made *in limine* in the court where the prosecution is initiated, and, under the statute, where the defendant fails to make a motion in the inferior court, he can not insist upon it elsewhere. See *Mann* v. *State,* 37 Ark. 407; *Laur* v. *State, supra.*

2. Section 2580, of Kirby's Digest, provides that upon appeal, the case shall be tried anew as if no judgment had been rendered. The record in the case recites that "appellant, desiring to stand on his motion to dismiss, did not plead further herein." This was tantamount to a plea of guilty on the merits, and authorized the court to impose a fine upon appellant as upon such plea. The affirmance of the judgment on the charge was but an indication of what the circuit court considered a proper fine to be imposed for the offense charged. Appellant's plea was equivalent to what is known in criminal procedure as the plea of *nolle contendere;* that is, "the defendant declaring in court that he will not contend with the prosecuting power."

Mr. Bishop says: "The difference between it and

guilty appears simply to be that while the latter is confession binding the defendant in other proceedings, the former has no effect beyond the particular case." See 2 Bishop's New Criminal Procedure, § 802, and note 7.

As the appellant was present in person and declared affirmatively that he did not wish to plead further after his motion was overruled, we are of the opinion that there was no reversible error in the court's entering the judgment against him as upon a plea of guilty on the merits of the case. The record, in effect, shows that the appellant admitted his guilt of the crime charged by standing on his motion and declaring that he would not contend further with the prosecuting power.

Finding no reversible error, the judgment is affirmed.