CRAIG v. STATE.

4273                                           164 S. W. 2d 1007

Opinion delivered October 12, 1942.

*Kenneth C. Coffelt* and *Wm. J. Kirby,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

GREENHAW, J. Appellant was charged in separate informations with the illegal sale of liquor and the illegal possession of liquor for the purpose of sale in Saline county on June 6, 1942, in violation of §§ 12 and 1 (c) respectively of art. VI of Act 108 of 1935, as amended by Act 356 of 1941. By agreement these cases were consolidated for trial, and verdicts were rendered upon

which judgments were entered finding appellant guilty, and fixing his penalty at a fine of $500 and six months' imprisonment in the Arkansas penitentiary on each charge. A motion for new trial, including a number of assignments of error, was filed and overruled, from which is this appeal.

According to the evidence, Jack Naylor, a Malvern policeman, and C. R. Hope, a Grant county deputy sheriff, were asked by the prosecuting attorney to assist him in catching appellant selling whiskey. Each of these men was given two one-dollar bills with his initials marked thereon, and the serial numbers were taken down.

Naylor, Hope and the prosecuting attorney drove out past appellant's house on the night of June 6, 1942, the prosecuting attorney getting out of the car and Naylor and Hope returning to appellant's house, where they stopped. Naylor asked appellant if he had anything to drink, and appellant told him to come inside. Naylor went in alone and purchased a pint of liquor for $1.75, giving appellant two one-dollar bills and receiving from him five nickels.

Later that night appellant's house was raided at the request of the prosecuting attorney by Officers Blooker and Robbins of the State Police Department and Sheriff Ross McDonald of Saline county. Blooker found the marked bills, along with other bills and change. Two cases of whiskey, from one of which two pints were missing, and a case of gin were found. Blooker stated that he had found two cases of whiskey in appellant's house when he raided it on May 21. Sheriff McDonald also testified to previous raids on appellant's house, when considerable whiskey was found there.

Appellant denied making the sale to Naylor, stating that Naylor obtained this whiskey by reaching and taking it and leaving two one-dollar bills, all without appellant's consent, and further denied giving him five nickels or any other sum in change. He further testified that he had not made any sales of whiskey for 30 days prior to this occurrence, and that the whiskey found there was for his own personal use. Since appellant concedes that

there was sufficient evidence to support valid verdicts and judgments of conviction, we deem it unnecessary to discuss the evidence at length.

Appellant contends that the court erred in permitting Blooker to testify about other occasions when he had raided the premises of defendant for whiskey and had found and confiscated liquor, and that the court likewise erred in permitting Sheriff Ross McDonald to testify about previous raids having been made on the defendant when liquor was found. We are unable to agree with the contention of appellant that the admission of this testimony constituted reversible error. This testimony tended to show the nature of the business in which appellant was then engaged, and was competent for this purpose.

Appellant assigns as error the giving by the court of instructions Nos. 1 and 3. Instruction No. 3 reads as follows: "You are instructed that if you find from the evidence in this case beyond a reasonable doubt that the defendant had in his possession a quantity of intoxicating alcoholic liquor for the purpose of selling the same in Saline county, Arkansas, at any time within one year next before the filing of the information herein, as alleged in said information, then you are told to find the defendant guilty and fix his punishment at a fine of not less than $500 nor more than $1,000, or imprisonment in the state penitentiary for any period not to exceed one year, or both fine and imprisonment."

Appellant contends that this instruction was erroneous in that the penalty set forth in the instruction is not the penalty provided in the statute involved, and for the further reason that the instruction covered any offense committed within one year, when the evidence showed that he had been tried and either acquitted or convicted of all offenses prior to that charged in the information.

Paragraph (c), § 1 of Act 356 of 1941 provides that the illegal possession of liquor for sale shall be a felony, and upon conviction the accused "shall be fined not less than $500 nor more than $1,000, or confined in the Arkansas state penitentiary for not less than nor more than

12 months, or punishable by both fine and imprisonment in the Arkansas state penitentiary."

After a consideration of the context of this section and the language of other sections of this act, we have concluded that it was the intention of the legislature to fix the imprisonment penalty for a violation of this section at not less than one month nor more than 12 months in the Arkansas penitentiary. The units of time with which this section dealt were months, and we have concluded that the expression "not less than nor more than 12 months" was a misprision or clerical error. The other section of this act which deals with the sale of intoxicating liquor under which appellant was also charged provides a fine of not less than $500 nor more than $1,000 or imprisonment in the Arkansas state penitentiary for not less than one month nor more than 12 months. Appellant was given penitentiary sentences of six months under each of these sections. We are unable to see whereby appellant's rights were in any way prejudiced by instructing that the penitentiary sentence if given should not exceed 12 months.

Furthermore we are unable to say that the instruction of the court was erroneous because it did not limit the findings of the jury to this particular offense, which occurred on June 6, 1942, but stated that if it was found from the evidence that appellant at any time within one year next before the filing of the information had in his possession intoxicating alcoholic liquor for the purpose of sale in Saline county, Arkansas, he would be guilty.

Appellant did not ask for an instruction limiting the consideration of the jury to this specific instance, nor one instructing the jury that the evidence of other similar offenses would be considered by them only for the purpose of determining whether appellant was in the liquor business. In the case of *Noyes* v. *State,* 161 Ark. 340, 256 S. W. 63, in which a liquor violation was involved and it was shown that appellant was guilty of other similar violations, the court instructed the jury that if they found that the defendant at any time within 12 months next before the filing of the information transported intoxi-

cating liquors, they should convict him. The objection to the instruction in that case was that it was not made clear that the 12-month period was referred to solely for the purpose of fixing the statute of limitation governing misdemeanors. The court there said: "We do not think that the instruction is ambiguous. If the defendant, however, thought that the instruction was likely to mislead the jury about the particular time and transaction relied upon for his conviction, he should have asked a specific instruction upon this point, and, not having done so, he is in no attitude to complain on appeal."

Appellant in the instant case did not ask for a specific instruction upon this point. No reversible error was committed in giving instruction No. 3.

Instruction No. 1, complained of in assignment of error No. 18, reads as follows: "You are instructed that if you find from the evidence in this case beyond a reasonable doubt that the defendant at any time within one year next before the filing of the information herein did sell intoxicating alcoholic liquor in Saline county, Arkansas, without having an Arkansas State License therefor as alleged in the information herein, then you are told to find the defendant guilty of selling intoxicating liquor without a license and fix his punishment at a fine of not less than $500 nor more than $1,000, or assess his punishment at a period of any time up to one year in the Arkansas penitentiary, or both fine and imprisonment."

The penalty for the illegal sale of liquor, with which appellant was charged and which is the basis of this instruction, is provided for in § 3 of act 356 of 1941. This section provides that a defendant, upon conviction of the illegal sale of liquor, shall be deemed guilty of a felony and upon conviction thereof "shall be fined not less than $500 nor more than $1,000, or by imprisonment in the Arkansas penitentiary for not less than one month nor more than 12 months."

The court, therefore, erred in instructing the jury that if they found the defendant guilty of illegal sale of

liquor they could fix his punishment at both fine and imprisonment, and due to this erroneous instruction the jury fixed the punishment at a fine of $500 and imprisonment for a period of six months in the Arkansas penitentiary. This error, however, may be corrected without prejudice to appellant by modifying the judgment so as to eliminate therefrom the part thereof sentencing him to imprisonment in the Arkansas penitentiary for a period of six months. See § 4070, Pope's Digest.

We have considered all of the assignments of error upon which appellant relies, and fail to find any errors which warrant a reversal.

The judgment of conviction upon the charge of selling liquor is, therefore, modified by eliminating therefrom the provision for a penitentiary sentence, leaving in effect the provision thereof assessing a fine of $500 against appellant, and as thus modified is affirmed. The judgment of conviction upon the charge of illegal possession of liquor for the purpose of sale is affirmed.