MANLEY v. STATE.

4840                              290 S. W. 2d 446

Opinion delivered May 21, 1956.

*George F. Hartje,* for appellant.

*Tom Gentry,* Attorney General; *Ben J. Harrison,* Assistant Attorney General, for appellee.

LEE SEAMSTER, Chief Justice. The appellant, Richard Manley, Jr., was tried and convicted in the Faulkner Circuit Court of the crime of unlawfully possessing intoxicating liquor for sale in a prohibited area, after having been previously convicted of the same offense. The jury assessed his punishment at a fine of $750.00. This appeal follows.

The appellant contends for a reversal of the judgment the following: (1) the Court erred in failing to direct a verdict of acquittal for the reason that the evidence was not sufficient to convict the appellant of the crime charged; (2) that a mistrial should have been granted when the prosecuting attorney in his opening statement to the jury said, "the appellant was tried in the municipal court and convicted"; (3) because the prosecuting attorney in his opening statement to the jury said, "officers and others will testify that this man (the appellant) is a known bootlegger—has a reputation of being a known bootlegger," and, (4) that the Court erred in giving instruction No. 6, which is:

"Possession of personal property may be actual or constructive. Possession is such control of property that the person having it may legally enjoy it to the exclusion of others, and it means that which one occupies or controls.

"Actual possession is the detention and control of the manual or ideal custody of anything which is the subject of property.

"Constructive possession simply means that while the property is not actually in the physical control of the owner, it is assumed to exist where a person holds claim thereto.

"The defendant is charged with the unlawful possession of liquor for the purpose of sale. If, as the owner of the premises upon which it is charged intoxicating

liquors were kept, if such occurred, defendant unlawfully possessed intoxicating liquors for the purpose of sale, either actually or constructively, and the jury finds such to have occurred by evidence convincing you of his guilt beyond a reasonable doubt, then defendant should be convicted.''

The record reveals that the appellant owns a building which faces on Markham Street in Conway, Arkansas. There is a parking lot situated at the rear of the building. There is also an outside door located at the rear of the building which opens into a hall. From this hall there are other doors which open to a cafe, closet, and to a room which is sub-let to a group or association of individuals who call their organization the Monarch Club. There is a one chair barbershop located in the northeast corner of the building; the cafe is situated just south of this barbershop. The two occupy all of the building facing on Markham Street. The appellant utilizes a room for his office in the southwest corner of the building.

The appellant testified that he rented the barbershop to Charlie Henry; the cafe to Gloria Stein Holloway; and, the club rooms to the Monarch Club. The Monarch Club consists of six members and Charlie Henry, the barber, was one of the members and acted as treasurer for the Club.

On March 4, 1955, the sheriff of Faulkner County and other duly authorized officers, who were armed with a search warrant, conducted a raid on appellant's place of business. They found four half-pints of whiskey in the hall closet and nine half-pints of whiskey in the club room refrigerator. They also found one half-pint bottle of whiskey, about half full, on a table in the Club room. A search of a trash can in the hall produced thirteen empty half-pint whiskey bottles.

Other evidence was introduced to show that taxicabs would frequently drive to the back door of appellant's building and discharge a passenger who would enter the building and return immediately to the waiting cab; that on two separate occasions persons emerging from the

rear door of the building were searched and each of them had on his person a one-half pint bottle of whiskey; that appellant plead guilty, on May 5, 1952, to possessing more than one gallon of liquor in a dry county; that on December 15, 1954, the appellant was tried and convicted of the charge of possessing liquor for sale in a dry county.

The record also reveals that duly authorized officers had raided the appellant's place of business no less than three times in the past three years, always finding whiskey in the building; that during the recent raid, officers found the hall closet locked and Charles Henry, the barber, told them he had no key to the door, whereby, the officers threatened to break the door and the appellant intervened and instructed Henry to open the door with his (Henry's) key. The evidence also amply shows that appellant had the reputation in the community of being a liquor dealer.

The appellant testified that he did not have any control over the part of the building rented to other parties; that he did not own the whiskey found in the building and that he had nothing whatsoever to do with the liquor.

The cafe operator testified that she was the owner of the four half-pints of whiskey found in the hall closet and all six of the members of the Monarch Club testified that they owned the whiskey that was found in the Club room. These members also testified that at the previous trial of appellant, they had testified that they owned the whiskey found on the premises, at the time of the previous raid.

The jury heard the witnesses testify; they observed their demeanor while on the stand and if there is any substantial evidence introduced to sustain the jury's verdict, the Court will not disturb their verdict. The evidence in this case is sufficient to sustain the jury's verdict. The jury had the right to conclude, from the facts and circumstances introduced in this case, that appellant was engaged in the liquor traffic in a dry county; that the Monarch Club was only a device which appellant

would use as a shield in case he was caught with the illegal whiskey.

In regard to point number two, the court sustained the objection of appellant and admonished the jury as follows:

"I will repeat to you the admonition, to disregard the statement made by the Prosecuting Attorney as to the disposition of the case in the lower court, and it should not have any bearing on your determination of the guilt or innocence of the defendant in the trial of this case, and you should determine his guilt or innocence today upon the evidence heard in the trial of the case and the instructions of the Court and not for any other reason or on any other basis." This admonition cured the error by the prosecuting attorney. See *Walker* v. *Fayetteville,* 93 Ark. 443, 125 S. W. 412.

The objection to the prosecuting attorney's statement that he expected to prove by the officers that "appellant was a known bootlegger—had a reputation of being a known bootlegger," was not reversible error for the reason that it is permissible to make proof of a defendant's reputation in the trial of a person charged with violating the liquor law in a dry county. Ark. Stats. 1947, Sec. 48-940. See also *Craig* v. *State,* 204 Ark. 798, 164 S. W. 2d 1007; *Hughes* v. *State,* 209 Ark. 125, 189 S. W. 2d 713.

The contention of appellant that instruction No. 6 was error because there was no evidence to show that the liquor found was actually or constructively the property of appellant is similar to the request for an instructed verdict. The testimony indicated that appellant demonstrated his control over the premises when he directed Charlie Henry to open the door to the locked hall closet where a portion of the whiskey was discovered. We hold that the instruction was proper in view of all the facts and circumstances proven at the trial.

Finding no error, the judgment is affirmed.