Jones *v.* State.

4842                                   291 S. W. 2d 501

Opinion delivered June 18, 1956.

No brief for appellant.

*Tom Gentry*, Attorney General, *Roy Finch, Jr.*, Asst. Atty. General, for appellee.

Lee Seamster, Chief Justice.   The appellant, Otis Jones, was charged by information on July 20, 1955, with the crime of murder in the second degree.   The cause came to trial on December 9, 1955, in the Pulaski Circuit Court, first division, and the jury returned a verdict of guilty of involuntary manslaughter.   Punishment was fixed at three years in the Arkansas State Penitentiary and a fine of $1,000.00.   This appeal follows.

The evidence reveals that the appellant, a cafe proprietor in North Little Rock, Arkansas, operated a small parking lot next door to his cafe and charged a fee of

25 cents for the privilege of parking on the lot. On June 25, 1955, at approximately 9 o'clock p. m., the deceased, Dennis Lee Martin, and James Robinson, parked a car driven by deceased on appellant's parking lot. A misunderstanding arose between the parties about the payment of the parking fee, but the sum demanded was paid. The deceased and James Robinson left the parking lot soon thereafter. About one o'clock a. m., they secured another car belonging to Martin's brother since the vehicle in which they were riding developed mechanical difficulties. They met Nem Parker, who was driving Martin's brother's car and the three of them proceeded back to the Otis Jones Cafe and again drove into the parking lot.

The deceased was driving the vehicle and demanded the privilege of parking the car without payment of another parking fee. Otis Jones demanded another fee and again an argument ensued.

The appellant testified that while he was talking to the deceased on the driver's side of the car, James Robinson, an occupant on the other side of the car, pulled out a knife and cut the hands of Jones' two sons; that Robinson threatened him with the knife when he went to the other side of the car; that Robinson started to get out of the car with the knife in his hand and he (Otis Jones) shot at Robinson but hit the deceased, who died shortly thereafter.

Vernon Jones, a son of Otis Jones, testified that after the cut was inflicted to his hand, he went around to the driver's side of the car and pushed inward on the door to keep the deceased in the car; that the car door came open during the struggle and the shot accidentally hit his leg.

The State introduced evidence to the effect that Robinson did not cut either of appellant's sons with a knife; that appellant walked around the car and fired a shot into the deceased without provocation.

Although the testimony of many of the witnesses was conflicting, the jury chose to believe the version of the

story as related by the State's witnesses. On appeal, this Court will not disturb the verdict unless there is a lack of substantial evidence to support the jury's verdict. Where the evidence is conflicting, as in this case, this Court will give the testimony tending to support the verdict its highest probative value. *Powell* v. *State,* 213 Ark. 442, 210 S. W. 2d 909.

The appellant contends that the trial court erred in failing to direct a verdict for acquittal. It is not error for the court to refuse to direct a verdict of acquittal, where the evidence is conflicting and presents a question for the jury to determine. *Graham* v. *State,* 197 Ark. 50, 121 S. W. 2d 892.

The appellant further contends that the court erred in failing to declare a mistrial because the prosecuting attorney asked the appellant the following: "Is that the way you felt about the other man you murdered too?" The trial court sustained an objection to this statement and admonished the jury to disregard the statement. Moreover, the appellant, under questioning by his attorney, explained fully about the former trouble as referred to in the prosecutor's question. We think the court's prompt admonition and the appellant's explanation overcame any advantage the prosecution may have obtained by asking the question. See *Walker* v. *City of Fayetteville,* 93 Ark. 443, 125 S. W. 412; *Wallin* v. *State,* 210 Ark. 616, 197 S. W. 2d 26.

The appellant's contention that the court erred in modifying Instruction No. 5 offered by appellant will not be considered since no exceptions were saved to the court's action. The court gave a correct instruction covering the subject of the offered instruction and is not required to repeat its instructions to the jury. See *Wallin* v. *State,* supra.

The appellant objected generally to all of the instructions given by the trial court. This Court has consistently held that objections en masse to all of the court's instructions will not be considered if any of the instructions are good. *Ford* v. *State,* 222 Ark. 16, 257

S. W. 2d 30. We find no error in the instructions in the instant case.

By assignment 16, the appellant alleges error because of the excessiveness of the verdict. The punishment assessed was within the limit provided by statute.

Finding no error, judgment is affirmed.