William Burt STRAHAN *v*. STATE of Arkansas

CR 01-1231                                    85 S.W.3d 891

Supreme Court of Arkansas
Opinion delivered October 3, 2002

*Keith Hall*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Valerie R. Kelly*, Ass't Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant William Strahan was charged in the Pine Bluff Municipal Court with one count of third-degree battery. The prosecutor filed a criminal information in Strahan's case on April 25, 2000, and the case was given the docket number of SDCR-00-2106. Pine Bluff Municipal Judge Robert Tolson signed the criminal summons on April 26, 2000. After consulting with the victim and learning that the victim's injuries might be more serious than first thought, the prosecutor, Steve Dalrymple, recalled the third-degree battery summons in SDCR-00-2106 on May 1, 2000. This charge was eventually nolle prossed by the prosecutor's office on June 21, 2000.

However, on June 19, 2000, a criminal summons, numbered SDCR-00-3010, was signed by Judge Tolson; this summons again alleged that Strahan committed the offense of third-degree battery. No criminal information was attached to this summons, but nevertheless, Strahan entered a plea of nolo contendere to the misdemeanor charge and paid a fine of $500.00 on June 23, 2000.

On August 11, 2000, the prosecutor filed a criminal information, with the docket number of CR-2000-724-1, in the Jefferson County Circuit Court, charging Strahan with second-degree battery, a felony. On October 26, 2000, Strahan filed a motion to dismiss the felony charges, arguing that his nolo contendere plea,

entered in the municipal court on June 23, 2000, constituted a conviction that, pursuant to the Double Jeopardy Clause, barred the charges in circuit court.

Following a hearing on February 28, 2001, the circuit court denied Strahan's motion to dismiss on May 23, 2001. The circuit court found that the State had not authorized the summons in the municipal court case, SDCR-00-3010, nor was the State aware of the summons having been issued. The summons also was not accompanied by an affidavit, complaint, information, or indictment, as provided in Ark. R. Crim. P. 6.1(a), nor had it ever been served on Strahan. Consequently, the circuit court held that Strahan's attempt to enter a plea of nolo contendere was void, and could not serve as an affirmative defense to the State's filing of the second-degree battery charge against him in circuit court. On appeal, Strahan argues that the circuit court erred in finding that the State's filing of the felony-second-degree battery case did not violate his double-jeopardy rights.

■ Ordinarily, a conviction on the merits of an offense "is a bar to prosecution for an offense . . . when the two offenses were committed in the same course of conduct and are of the same character." Ark. Code Ann. § 16-85-712(b) (1987). A former prosecution is an affirmative defense to a subsequent prosecution for the same offense when the former prosecution resulted in a conviction; there is a conviction if the prosecution resulted in a plea of nolo contendere accepted by the court. Ark. Code. Ann. § 5-1-112(2) (Repl. 1997). However, a former prosecution is not an affirmative defense when that prosecution "was procured by the defendant without the knowledge of the appropriate prosecuting official or aggrieved party and with the purpose of avoiding the sentence which might otherwise be imposed." Ark. Code Ann. § 5-1-115 (Repl. 1997).

■ Further, Ark. R. Crim. P. 24.3(d) provides that "[n]o plea of . . . nolo contendere shall be accepted by any court unless the prosecuting attorney of the governmental unit in which the offense occurred is given opportunity to be heard at the time the plea is tendered." This court has strictly interpreted this rule's

requirement that the trial court must give the prosecutor an opportunity to be heard before accepting a guilty plea. *See State v. Vasquez-Aerreola*, 327 Ark. 617, 940 S.W.2d 451 (1997) (holding that a trial court cannot accept a guilty plea over the State's objection).

██ ██ It is uncontradicted in this case that no one from the prosecutor's office was present when Strahan entered his plea at the municipal court. Indeed, both the prosecutor, Steve Dalrymple, and the municipal judge agreed that there was no representative of the State in court at the time the judge accepted Strahan's plea. A plea must be tendered in conformity with the rules under which it is taken. *See Noble v. State*, 314 Ark. 240, 862 S.W.2d 234 (1993) (dismissing appeal purportedly taken from a conditional plea of guilt under Ark. R. Crim. P. 24.3(a) because the defendant failed to comply with the rule's requirements of obtaining the consent of the prosecutor or the trial court). Rule 24.3(d) mandates that the prosecutor be given an "opportunity to be heard" before any plea of guilty or nolo contendere is tendered to and accepted by any court. As noted above, this court has interpreted this requirement strictly. *See State v. Vasquez-Aerreola*, *supra*. Therefore, Strahan's "conviction" in municipal court, procured by Strahan without the knowledge of the prosecutor, cannot serve as an affirmative defense to a subsequent prosecution for the same offense. *See* Ark. Code Ann. § 5-1-115(2).

██ For these reasons alone, the trial court's denial of Strahan's motion to dismiss the felony charges in circuit court on double-jeopardy grounds is affirmed.[1]

---

[1] The State also argued that Strahan's plea in the municipal court case was tendered without a valid charging instrument having been issued, and was therefore void; however, we need not reach that argument.