Mr. David L. Gibbons, Prosecuting Attorney Fifth Judicial District Post Office Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
You have presented the following question for my opinion:
 Does the prosecuting attorney of a judicial district have the authority to prosecute, over the objection of a city attorney, circuit court appeals for violations of state misdemeanor laws which occurred within the city limits and which were originally prosecuted by the city attorney in district court?
RESPONSE
It is my opinion that the prosecuting attorney does have the authority to do so.
I base this conclusion on the language of three pertinent statutes. The first is A.C.A. § 16-21-103, which states:
Each prosecuting attorney shall commence and prosecute all criminal actions in which the state or any county in his district may be concerned.
A.C.A. § 16-21-103.
The second pertinent statute is A.C.A. § 16-21-150, which states:
 No prosecuting attorney shall prosecute city misdemeanor cases or appeals to circuit or appellate courts unless the prosecuting attorney consents to do so.
A.C.A. § 16-21-150.
The third pertinent statute is A.C.A. § 16-21-115, which states:
 A prosecuting attorney may designate the duly elected or appointed city attorney of any municipality within the prosecutor's district to prosecute in the name of the state in the district, city, and police courts violations of state misdemeanor laws, which violations occurred within the limits of the municipality, if the city attorney agrees to the appointment.[1]
A.C.A. § 16-21-115.
These statutes clearly reflect an intent that prosecuting attorneys have and retain the discretion to decide whether to handle appeals to circuit court from district court. Although Section -150 relieves the prosecuting attorney of the responsibility to handle such cases, it also permits him or her to consent to do so. Moreover, in authorizing the prosecuting attorney to designate the city attorney to handle such cases, Section -115 notably uses the discretionary term "may." The Arkansas Supreme Court consistently interprets the term "may," as used in statutory language, as implying permissive or discretionary, rather than mandatory, action or conduct. The court usually construes the term in a permissive sense. See, e.g., Stilley v. James, 347 Ark. 74, 60 S.W.3d 410
(2001). It is clear that in authorizing the prosecuting attorney to designate the city attorney to handle misdemeanor cases, and in relieving the prosecuting attorney of the responsibility of handling such cases, the General Assembly did not intend to prohibit him or her from handling such cases. Rather, the language of the statutes plainly indicates that the prosecuting attorney can decide to handle these cases himself or herself, rather than delegating them to the city attorney.
I am aware that numerous Attorney General opinions, in addressing the respective duties of the prosecuting attorney and the city attorney, have made statements to the effect that city attorneys are "required" or are "charged with the responsibility" of handling misdemeanor cases, including appeals of these cases to circuit court. See, e.g., Ops. Att'y Gen. Nos. 2003-002; 2001-298; 2001-272; 2000-291; 2000-069; 97-226; 95-243; 95-235. These opinions for the most part were addressing questions of ultimate responsibility — that is, whether the prosecuting attorney or the city attorney can ultimately be required to handle the cases in question regardless of his or her preference. The referenced statements in these opinions seem to have arisen out of factual situations in which both the prosecuting attorney and the city attorney preferred not to handle the cases. In such a scenario, the prosecuting attorney's preference will prevail. It was in that sense that the opinions stated that the city attorney was "required" to handle the cases. These opinions were not addressing scenarios in which both the prosecuting attorney and the city attorney preferred to handle the cases in question. It is my opinion that in such a scenario, the prosecuting attorney's preference will again prevail over the city attorney's, because, as discussed above, the language of the pertinent statutes plainly grants the prosecuting attorney the discretion to decide whether to handle these cases or to delegate them to the city attorney.
I must note one final matter. You have specifically asked about prosecutions of violations of "state misdemeanor laws which occurred within the city limits" (emphasis added). Some cities, pursuant to the authority granted in A.C.A. §§ 14-55-207 and -501, adopt by reference portions of the state criminal code, thus rendering certain acts that constitute state misdemeanors also city misdemeanors. See Searcy v.Turner, 88 Ark. 210, 114 S.W. 472 (1908). In situations in which a particular act constitutes both a violation of a city ordinance and a violation of state law, it is important for the prosecuting attorney and the city attorney to remain cognizant of the fact that the constitutional principle of double jeopardy prohibits two prosecutions if proof of the same set of elements would suffice to establish a violation of both the city ordinance and the state law. U.S. Const., Am. 5; Ark. Const., Art.2, § 8; Hughes v. State, 347 Ark. 696, 66 S.W.3d 645 (2002). Accordingly, if the prosecuting attorney has prosecuted a defendant for an act that constituted a violation of state law that is proved by establishing the same set of elements that would be required for proof of a violation of a city ordinance, the city attorney cannot later prosecute that defendant for that act. Likewise, if the city attorney has prosecuted a particular defendant for an act that constituted a violation of a city ordinance, and proof of the elements of that violation would also establish a violation of a state law, the prosecuting attorney cannot later prosecute that defendant for that act. See also A.C.A. §5-1-112, -113, -114 (setting forth conditions under which former prosecution constitutes affirmative defense). Cf. Beasley v. State,47 Ark. App. 92, 885 S.W.2d 906 (1994) (double jeopardy did not prohibit separate prosecutions for act that constituted both a violation of city hazardous driving ordinance and a violation of state DWI law, where different or additional elements were required for proof of each). Cf.also A.C.A. § 5-1-115 and Strahan v. State, 350 Ark. 215, 85 S.W.3d 891
(2002) (former prosecution not an affirmative defense when that prosecution was procured by defendant without the knowledge of the appropriate prosecuting official or aggrieved party and with the purpose of avoiding the sentence which might otherwise be imposed).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] It should be noted that this office has taken the position that the final phrase of A.C.A. § 16-21-115 ("if the city attorney agrees to the appointment") was impliedly repealed by the enactment in 1993 of A.C.A. §16-21-150. See Ops. Att'y Gen. Nos. 2001-272; 2000-069; 97-226; 95-243; 95-235.