TINDALL *v.* LAYNE.

Opinion delivered July 14, 1919.

1. PLEADING AND PRACTICE—WAIVER OF DEFECTIVE SERVICE BY PLEADING TO THE MERITS AND GOING TO TRIAL.—A party waives a defect in the service upon him by pleading to the complaint and going to trial on the merits of the case without preserving his status in specially pleading his objections to the method of service.

2. SAME—SAME—OBJECTION TO SERVICE, PRESERVED HOW.—An objection to service may be preserved by appropriate language in a plea to the merits, filed after the overruling of his special plea objecting to the service.

3. SAME—SAME—MOTION TO SET ASIDE DEFAULT JUDGMENT.—A motion to set aside a default judgment in order to plead to the merits, constitutes an appearance which cannot be withdrawn.

4. CONTRACTS — TO FURNISH WATER FOR RICE CROP — BREACH — SUFFICIENCY OF THE EVIDENCE.—In an action for damages for breach of contract to furnish water for plaintiff's rice crop, the evidence *held* sufficient to sustain a verdict in plaintiff's favor.

Appeal from Arkansas Circuit Court, Southern District; *Thomas C. Trimble,* Judge; affirmed.

*O. M. Young,* for appellant.

1. Direct testimony of a party that he is a citizen of a certain locality is competent. 25 A. C. A. 600. But such testimony, if given by a third person, is incompetent as calling for a conclusion on the part of the witnesses. Defendant's motion to dismiss should have been granted (Act No. 63, Acts 1913), or the case at least transferred to the proper district.

2. There is no proof to support the verdict. The proper rule for the recovery of damages is laid down in 19 L. R. A. (N. S.) 958 and 6 A. & E. Ann. Cases 946, i. e., the value of *like* crops in the *same neighborhood* where the crop is planted under *like* conditions. 1 A. & E. Ann. Cas. 61; 65 Ark. 278. See also 7 Ark. 462; 24 *Id.* 224; 15 *Id.* 109.

*John W. Moncrief,* for appellee.

1. The court had jurisdiction and defendant was properly served with process. 40 Cyc. 115-6.

2. There is assignment of error in the motion for new trial based on the alleged excessive damages. 66 Ark. 460.

3. Neither the motion for new trial nor the record sustain the contention that the judgment was entered before noon of the first day of the term, nor was any complaint made until an appeal had been taken. The question of jurisdiction of the person of defendant was not raised. All the motions were heard before the answer was filed. 135 Ark. 445.

4. Appellant has not briefed any question as to the admissibility of testimony and this court will pass only upon such questions as are discussed in appellant's brief.

5. In order to show yield, evidence is admissible to show what a crop would have made, also as to the yield of other farms. 80 S. W. 542; 57 Ark. 512; 64 Tex. 293-5. See also 1 Ark. 455; 100 S. W. 204; 110 *Id.* 934.

McCULLOCH, C. J. Appellee sued appellant in the circuit court of the Southern District of Arkansas County to recover damages sustained by reason of an alleged breach of contract between the parties whereby appellant undertook to furnish water for appellee's rice crop during the year 1917. Appellee was engaged in growing rice and put in a crop of about thirty-eight acres, and, according to the allegations of the complaint, appellant orally agreed for a consideration to furnish water to flood the crop, and neglected to do so, thereby causing the crop to fail. Damages were laid in the com-

plaint in the sum of $4,560, the difference between the market value of appellee's portion of the crop raised and the value of his part of the crop that would have been raised if water had been furnished by appellant according to the contract.

The action was commenced on March 18, 1918, and the return of the sheriff shows personal service on appellant that day. There were no proceedings at the succeeding April term of court, but on the first day of the November term, which began November 4, 1918, the court rendered judgment by default against appellant without his appearance, and the cause was passed to a later day of the term for assessment of the damages. There was an adjournment of the court that day over to December 16, 1918, and on the reconvening of the court appellant appeared by attorneys and filed his motion to require the sheriff to correct his return on the writ of summons to make it state the truth, but the motion did not set forth the imperfection or falsity of the return. On the same day appellant filed another motion to set aside the default judgment on the ground that there had been no valid service of the writ of summons and that appellant had a good defense to the complaint. The prayer of that motion was that the default judgment be set aside and that he be allowed to plead to the complaint.

On the next day, December 17th, appellant filed still another motion to dismiss the complaint on the ground that he was not a resident of the Southern District of Arkansas County and that the court had no jurisdiction over his person. This motion was accompanied by numerous affidavits tending to show that appellant was a resident of the Northern District of Arkansas County and had no "usual place of abode" within the meaning of the statute (Kirby's Digest, section 6042) in the Southern District of Arkansas County, and that he was not personally served with process. Appellee responded to the motion and undertook to show by affidavits of certain persons that appellant had a place of residence in the Southern District of Arkansas County and that the

sheriff served the process by leaving a copy of the summons at appellant's usual place of abode with a person who was a member of appellant's family over the age of fifteen years. The deputy sheriff who signed the return stated in his affidavit that he had served the writ by delivering a copy at the place where appellant resided in the Southern District of Arkansas County to a person who also resided there. Each of the motions just referred to contained a statement that appellant appeared only for the purpose of presenting the motion.

The court overruled each of the motions on December 17th, and appellant then, by permission of the court, filed his answer tendering an issue on each of the allegations of the complaint. Appellee moved to strike the answer from the file, but the court overruled the motion and postponed the cause, at appellant's request, to give the latter time to prepare for trial. The cause was heard by a jury and the jury returned a verdict in favor of appellee and awarded damages in the sum of $1,000.

(1-3) It is unnecessary to determine whether or not according to the testimony, appellant was legally served with writ of summons, for it is clear that he waived that defect by pleading to the complaint and going to trial on the merits of the case without preserving his status in specially pleading the objections to the method of service. Each of the motions contained a recital that appellant appeared solely for the purpose of objecting to the service, but when the court overruled the motions appellant then appeared generally in the cause by filing his answer raising issues on the merits of the case. He had the right to appear specially and if his motion was incorrectly overruled he had the right to plead on the merits of the case without disturbing his former status in thus appearing. *Spratley* v. *Louisiana & Arkansas Ry. Co.,* 77 Ark. 412. But in order to preserve his objection on the ground of want of service he should have so indicated in the plea to the merits subsequently filed. *Chicago, Rock Island & Pacific Ry. Co.* v. *Jaber,* 85 Ark. 232. Moreover, one of the motions filed by appellant was solely for

the purpose of having the default judgment set aside in order to permit him to plead to the merits and this itself was an appearance which could not be withdrawn.

The order of court refusing to set aside the default judgment and the order allowing appellant to file an answer on the merits and overruling appellee's motion to strike it out were inconsistent with each other, but no prejudice resulted to appellant, for, notwithstanding the court did not formally set aside the default judgment, appellant was permitted to file an answer and the cause was tried on all of the issues raised in the complaint and answer. In other words, the issues were not confined merely to an ascertainment of the damages, but all of the other issues with respect to the making of the contract and the alleged breach of it were tried, as well as the question as to the amount of damages. The court submitted each of those issues to the jury upon appropriate instructions, the correctness of which have not been challenged.

(4) The only other question raised here is that the evidence is not sufficient to justify the amount of damages awarded by the jury. It is claimed that the testimony was too vague and general as to the probable amount of rice appellee's land would have produced if properly watered, whereas it should have been limited to testimony as to this particular land or adjoining lands of like character.

We are of the opinion that the evidence is sufficient to sustain the verdict. Several witnesses testified that they were familiar with this and adjoining lands and it is shown what amount of rice would probably have been raised on that land if it had been properly watered. It was proved also what the same character of lands in that particular locality produced that year. It is true the testimony took a broader range on the cross-examination of certain witnesses, but there are no objections here to the introduction of testimony, and we think there was an abundance of evidence to sustain the verdict.

Judgment affirmed.