HILL *v.* STATE.

Opinion delivered September 26, 1927.

1. CRIMINAL LAW—PRESUMPTION FROM ABSENCE OF BILL OF EXCEPTIONS.—Where there is no bill of exceptions setting forth the evidence, it will be presumed that there was testimony justifying the court's refusal of prayers for instructions.

2. CRIMINAL LAW—HARMLESS INSTRUCTIONS.—Where defendant was convicted of assault and battery, and therefore acquitted of aggravated assault, he could not have been prejudiced by an instruction submitting the latter charge.

3. CRIMINAL LAW—ABSTRACT INSTRUCTIONS.—Refusal of a prayer for instructions not based on testimony in the record was not error.

4. CRIMINAL LAW—CONVICTION IN MAYOR'S COURT—JURISDICTION.—
   An information for assault, filed in the mayor's court, is not
   demurrable on appeal to the circuit court on the ground that the
   mayor had no jurisdiction because he and the jury and officers
   had a pecuniary interest in the conviction, since the trial in the
   circuit court on appeal is *de novo*.

5. CONSTITUTIONAL LAW—RIGHT TO IMPARTIAL TRIAL.—One who was
   convicted of an assault in a mayor's court was not deprived of
   his right to impartial trial, because the mayor, jury and officers
   had a pecuniary interest in his conviction, where he had a right
   of appeal and trial *de novo* before the circuit court, in which the
   court, jury and officers were not financially interested in the
   result of his trial.

Appeal from Pike Circuit Court; *B. E. Isbell,* Judge; affirmed.

*P. L. Smith,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

WOOD, J. The prosecuting attorney of the Ninth Judicial Circuit of Arkansas, through his deputy of the county of Pike, filed an information with the mayor of the town of Delight, accusing Jesse Hill of the crime of an aggravated assault, alleged to have been committed as follows: "The said Jesse Hill, in the county and State aforesaid, on the 21st day of January, 1927, did unlawfully strike and hit the person of H. D. Dean with a deadly weapon, with the intent to inflict upon his person great bodily injury, no considerable provocation appearing, against the peace and dignity of the State of Arkansas."

The mayor issued the warrant, the defendant was arrested and tried in the mayor's court by a jury, which returned the following verdict: "We, the jury, find the defendant guilty of assault, and assess his fine at $1000 and costs."

The defendant appealed to the circuit court. In that court he demurred to the information on the ground that the mayor was without jurisdiction, that the mayor and marshal of the town and all of the jurors were interested in the conviction, and that his conviction before the mayor was therefore without due process of law

and in violation of the 14th Amendment to the Constitution of the United States as well as article 2 of the Constitution of the State. The demurrer was overruled by the circuit court, and the defendant was tried by the jury in that court, and the following verdict was returned: "We, the jury, find the defendant guilty of assault and battery, and assess a fine of $100."

In the circuit court the defendant presented prayer for instruction No. 7, which, in effect, told the jury that the defendant had a right, under the law, to protect his person against the attacks of the prosecuting witness; and, if he only did enough to protect his person or only what any prudent person would have done for the protection of his person under the circumstances, it was the duty of the jury to acquit him. The defendant also presented prayer for instruction No. 8, which, in effect, told the jury that the defendant had the right to go before a justice of the peace of his township and offer to submit, and that the law favors pleas of guilty in small offenses, and, if the jury found that the defendant did submit or surrender himself in the proper court and offered to submit, and that there was no collusion between him and the justice, and that the irregularity, if any, was the fault of the justice and not that of the defendant, he had a right to go before the justice, and, unless the jury found him guilty of a greater offense than he offered to submit to, the jury should acquit him. The defendant's prayer for instruction No. 9 would have told the jury that, under the charge, it could only consider the guilt or innocence of the defendant for assault and battery.

The court, over the general objection of the appellant, refused the above prayers for instructions and gave instructions which, in effect, defined in the language of the statute the offenses of simple assault, assault and battery, and aggravated assault, and the punishment for each, and also instructed the jury that no words, however opprobrious, would justify an assault, and that a per-

son was justified in using such force as was necessary to protect himself against an assault made upon him.

The court also gave the usual instructions, to which the defendant offered no objection, giving the defendant the benefit of the presumption of innocence and reasonable doubt.

1. There is a bill of exceptions in the record in which the above prayers for instructions were set forth, but it does not set out any testimony that was adduced at the trial. It must be presumed therefore, in the absence of a bill of exceptions setting forth the evidence, that there was testimony to justify the court in its rulings upon the prayers for instructions. Moreover, since the jury found the appellant guilty only of assault and battery and thus acquitted him of the charge of aggravated assault, the appellant could not have been prejudiced by the instructions submitting such charge. There is no testimony in the record upon which to bottom appellant's prayer for instruction No. 8. The court therefore did not err in refusing such prayer.

2. The appellant contends that the mayor had no jurisdiction on the ground that he and the jury and the officers had a pecuniary interest in convicting the defendant. To sustain this contention appellant relies upon the decision of the United States Supreme Court in the case of *Tumey* v. *Ohio,* 273 U. S. 510, 47 S. Ct. 437, 71 L. ed. p. 749. This case has no application to the facts of this record, for the reason that the statutes of Ohio, which were reviewed by the Supreme Court of the United States, are entirely different from the statutes of our State. The statutes of Ohio under consideration by the Supreme Court of the United States did not grant the defendant convicted before the mayor's court the right of appeal to a higher court, where a trial *de novo* was to be had in the higher court. But the appeal under the Ohio statutes was merely for the purpose of review, whereas, on appeal from a judgment of conviction for misdemeanor in our State, from the lower court to the circuit court, the trial is *de novo,* that is, as if no judgment had

been rendered, and the accused is to be tried for the same offense. Section 3387, C. & M. Digest.

Without entering upon a discussion of the decision of the Supreme Court of the United States, *supra,* the following language of Chief Justice Taft shows clearly that that case has no application to the case at bar:

"The trial is to be had before a mayor without a jury, without opportunity for retrial, and with a review confined to questions of law presented by a bill of exceptions, with no opportunity by the reviewing court to set aside the judgment on the weighing of evidence, unless it should appear to be so manifestly against the evidence as to indicate mistake, bias or willful disregard of duty by the trial court." Under our law the mayor of a corporation is given the same power and jurisdiction of a justice of the peace in all matters, civil and criminal, arising under the laws of the State, to all intents and purposes whatever, and for crimes and offenses committed within the limits of the corporation his jurisdiction is coextensive with the county, and appeals may be taken in the same manner as from a decision of the justice of the peace. Section 7676, C. & M. Digest, as amended by act 368 of the General Acts of 1921, page 407.

In *Marianna* v. *Vincent,* 68 Ark. 244-248, 58 S. W. 251, we said: "The mayor, having once obtained jurisdiction, the case should not have been subsequently dismissed for want of jurisdiction by the circuit court, merely on mistake of law made by the mayor, or for any other irregularity, but it should have proceeded to try the case *de novo* and rendered such judgment as was proper therein." See also *Laur* v. *State,* 94 Ark. 178, 126 S. W. 840; *Drifoos* v. *City of Jonesboro,* 107 Ark. 99, 154 S. W. 196.

In 16 R. C. L., p. 209, par. 26, it is said: "It is a general rule that the right to trial by jury is not impaired where, though no jury be allowed in the court in which the action was originally tried, an appeal lies to a court

in which a jury trial may be had, if no conditions are imposed."

Under our law neither the presiding judge at the trial in the circuit court nor the trial jury are interested financially in the result of a criminal trial, for the reason that they receive their compensation regardless of whether the accused be acquitted or convicted. It follows that the defendant was not deprived of any of his rights under the Constitution of the United States or of this State.

The judgment is in all things correct, and it is therefore affirmed.