## Ex parte JULIUS LEWIS.

No. A-6757.  Opinion Filed April 8, 1930.
(288 Pac. 354.)

Amos T. Hall, for petitioner.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  The petitioner alleges that on the 12th day of September, 1927, a complaint, duly verified and indorsed by the county attorney of Tulsa county charging the petitioner with being upon a certain public highway in said county and state in a drunken and intoxicated condition, was filed in the justice court of W. M. Wilson, a duly elected, qualified, and acting justice of the peace of district No. 3 in said county; that on said day the petitioner was tried and convicted of the offense charged

in said complaint, and there was assessed against him a fine of $10 and a further sum of $11.80 as costs in said cause; that, defaulting in the payment of same, the petitioner was committed to the county jail of Tulsa county until the fine and costs were paid, where petitioner was being detained at the time of the filing of his petition.

The petitioner further alleges that said restraint and imprisonment is illegal and unauthorized in that the justice of the peace, before whom petitioner was tried and by whom petitioner was convicted, had a pecuniary interest in the conviction of the petitioner by reason of the fact that said justice depended upon a conviction of the petitioner in said cause for his fee; that by reason of said fact the petitioner was denied a fair and impartial trial before a fair and impartial judge; that by reason of the pecuniary interest of the justice of the peace in the conviction of the petitioner he is being and has been denied his constitutional rights, for the reason that the same is in violation of sections 6 and 7 of the Bill of Rights (art. 2) of the Constitution of Oklahoma; and for the further reason that petitioner's conviction before the said justice of the peace is void and illegal, in that the same is repugnant to the Fourteenth Amendment of the Constitution of the United States.

An order was made by this court for the enlargement of petitioner on bail pending a hearing on his petition. The question presented by his application is "whether or not the justice of the peace who tried and convicted the petitioner had such an interest as prevented or hindered said officer from giving the petitioner a fair and impartial trial, and that as a result of said illegal conviction he is being restrained of his liberty without due process of law."

Sections 6 and 7, article 2, of the Constitution of Oklahoma provides:

The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice.

"No person shall be deprived of life, liberty, or property, without due process of law."

The statute fixing the fees in criminal cases for justices of the peace and constables is section 6432, C. O. S. 1921.

Section 6435, C. O. S. 1921, is as follows:

"In all cases where the fees prescribed in criminal causes for justices of the peace and constables are not paid by the defendant or complaining witness, the fees allowed by law shall be paid by the county: Provided, that no such fees shall be allowed by the board of county commissioners until the justice of the peace or constable shall have filed an itemized statement, verified, that said fees have not and cannot be collected from any other source; Provided, further, that the total amount of fees paid by the county to any justice of the peace or constable, shall not exceed one hundred ($100.00) dollars per quarter. * * *"

Section 2993, C. O. S. 1921, provides for the filing of misdemeanor cases before justice of the peace, and is as follows:

"In all misdemeanor cases, before a warrant shall issue for the arrest of the defendant, the complaint must be submitted to the county attorney, or drawn by him and indorsed as follows: 'I have examined the facts in this case and recommend that a warrant do issue,' and then filed with the court. If the action be brought without such indorsement the complaining witness must file with the court a bond to be approved by the court in a sum not less than fifty dollars, conditioned to pay all costs, and the county shall in no event be liable for any costs in-

curred in that action, unless the complaint be first so indorsed by the county attorney."

The office of justice of the peace being created and the jurisdiction thereof fixed by section 18, art. 7, Constitution of Oklahoma, there arises no question of the constitutionality or legality of the court, but only the question of whether the fact that the justice of the peace may receive fees from the defendant upon his conviction creates such an interest in the action as disqualifies him under sections. 6 and 7, art. 2, of the Bill of Rights of the Constitution, and the Fourteenth Amendment.

The petitioner, to support his contention, relies upon the case of Tumey v. Ohio, 273 U. S. 510, 47 S. Ct. 437, 441, 71 L. Ed. 754, 50 A. L. R. 1243, wherein the court, speaking through Mr. Chief Justice Taft, lays down the following rule:

"It certainly violates the Fourteenth Amendment and deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case."

This rule, as laid down by the Supreme Court of the United States, follows the rule as stated in 33 C. J. 994, and the authorities therein cited. However, the facts in Tumey v. Ohio, supra, are widely different from the facts in the case at bar, and the law applicable to that case is not in point in the instant case and can be easily distinguished. In the Tumey Case it appears that the mayor of the village of North College Hill was the judge who heard and passed sentence upon defendants in misdemeanor cases in his jurisdiction. It further appears that he received a fee of $12 in this case, contingent upon the conviction of the defendant, and that he had no other source

from which such fees might be received. In the case at bar we find by reference to section 6435, supra, that the justice of the peace has three sources from which he may receive his fee, namely, the defendant, the complaining witness (where the complaint is not approved by the county attorney), and from the county itself, by presenting an itemized statement to the board of commissioners.

Again, in the Tumey Case the mayor received a certain per cent. of the fine levied by him as his fee in the case, while in the case at bar the justice of the peace does not participate in the fine levied but only receives fees in accordance with the various ministerial acts performed by him in the case. It is a well-established rule of law that the interest of the justice of the peace must be in the subject-matter of the litigation. Langston v. Hazelhurst, 9 Ga. App. 449, 71 S. E. 592; Pace v. Hazlehurst, 9 Ga. App. 203, 70 S. E. 967; Tari v. State, 117 Ohio St. 481, 159 N. E. 599, 57 A. L. R. 284; Osborne v. Board of Improvement, 94 Ark. 563, 128 S. W. 357; Lindsay-Strathmore v. Superior Ct., 182 Cal. 315, 187 Pac. 1056; State v. Call, 41 Fla. 442, 26 So. 1014, 79 Am. St. Rep. 189; Laplant v. Marshalltown, 134 Iowa, 261, 111 N. W. 816; Tootle v. Berkley, 60 Kan. 446, 56 Pac. 755; McFaddin v. Preston, 54 Tex. 403; Cheuvront v. Horner, 62 W. Va. 476, 59 S. E. 964.

Referring to the Tumey Case, it appears that the trial was had without a jury and that the defendant was not entitled to a jury to determine the facts in his case, whereas in all criminal cases before a justice of the peace in this state the defendant has a right to trial by jury if he so requests. Section 19, art. 2, Bill of Rights, Constitution of Oklahoma.

In the Tumey Case the defendant had no right or opportunity for retrial, and his right to appeal was confined

to questions of law presented by a bill of exceptions to the appellate court. The question of whether there was any evidence upon which the conviction was based was particularly denied him. In the case at bar the defendant had a right of appeal, first to the proper court of the county in which he was first tried, and thereafter to the criminal court of appeals to determine if he was legally convicted by competent evidence. Section 3000, C. O. S. 1921.

In other jurisdictions writ has been denied because of right of appeal. Brooks v. Potomac, 149 Va. 427, 141 S. E. 249, 250; Ex parte Meeks (D. C. Ky.) 20 F. (2d) 543; Hill v. State, 174 Ark. 886, 298 S. W. 321.

Under the distinctions, as hereinbefore pointed out, we are of the opinion that the case at bar does not fall under the rule laid down by Chief Justice Taft in Tumey v. Ohio, supra, 33 C. J. 994, and the cases therein cited in support of the rule.

There is a rule supported by a great weight of authority to the effect that the interest of the justice or judge must be in the subject-matter of the litigation and not merely an indirect, incidental, contingent, or possible interest. Heydenfeldt v. Towns et al., 27 Ala. 423; City of Oakland v. Oakland Water Co., 118 Cal. 249, 50 Pac. 268; Internal Impr. Fund v. Bailey, 10 Fla. 213; Metsker v. Whitsell, 181 Ind. 126, 103 N. E. 1078; Com. v. Ryan, 5 Mass. 90; Peck v. Freeholders of Essex County, 20 N. J. Law, 457; In re Ryers, 82 N. Y. 1, 28 Am. Rep. 88; Forest Coal Co. v. Doolittle, 54 W. Va. 210, 46 S. E. 238; Clyma v. Kennedy, 64 Conn. 310, 29 A. 539, 42 Am. St. Rep. 194; Ex parte State Bar Ass'n, 92 Ala. 113, 8 So. 768; Foreman v. Marianna, 43 Ark. 324; State v. Call, 41 Fla. 442, 26 So. 1014, 79 Am. St. Rep. 189; State v. Intoxicating Liquors, 54 Me. 564; Holt v. Holt, 23 Okla. 639, 102 Pac. 187.

The fees given by law for the performance of official duties in relation to civil and criminal proceedings do not constitute an interest in the proceeding which disqualifies the judge, although his compensation in certain cases is a fee to be paid by defendant in case of conviction. Com. v. Keenan, 97 Mass. 589; Ex parte Hayes, 40 New Brunswick (Can.) 363; Bennett v. State, 4 Tex. App. 72.

Under the authorities cited above, the interest of the justice of the peace is not such an interest as would disqualify him on account of bias and prejudice. His interest does not go to the subject-matter of the litigation but is indirect, contingent, incidental, and possible only. His interest is so far removed from the determination of the guilt or innocence of the defendant that it cannot be said that he would act with bias and prejudice or that he would fail to give the defendant a fair and impartial trial.

Petitioner argues that this court ought to hold the trial court disqualified because of the possible abuse of this power by justice of the peace, and earnestly contends that in many instances helpless defendants are railroaded to jail because of the greed of dishonest and prejudiced justices of the peace. It may be true that some justices of the peace use this power to oppress those who are brought before them. It is the duty of this court to declare the law. It is for the Legislature to correct any evil that might arise out of oppression by justices of the peace. The appellate court of a sister state when passing on this question suggested to the Legislature a remedy for any abuse that might arise out of the system, and that was that all fines and costs should be paid into a common fund in the county, and justices of the peace should be paid their fees out of that common fund, or that justices of the peace should be prohibited from collecting costs in any

case from the defendant, but, be that as it may, this court is concerned only with the question of due process of law.

Respondent contends that the remedy of petitioner is not by habeas corpus but by appeal. The general rule is that the writ of habeas corpus will not issue unless the court, under whose warrant the petitioner is held, is without jurisdiction and that it cannot be used to correct errors. In re Chapman, 156 U. S. 211, 15 S. Ct. 331, 39 L. Ed. 401; Ex parte Adams, 42 Okla. Cr. 27, 274 Pac. 485; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 Pac. 486; Ex parte Lair, 29 Okla. Cr. 282, 233 Pac. 789; Ex parte Dunn, 33 Okla. Cr. 190, 242 Pac. 574.

In the case of Riggins v. United States, 199 U. S. 547, 26 S. Ct. 147, 148, 50 L. Ed. 303, Chief Justice Fuller said:

"It is settled that the writ of habeas corpus will not issue unless the court under whose warrant petitioner is held is without jurisdiction, and that it cannot be used merely to correct errors. Ordinarily the writ will not be granted when there is a remedy by writ of error or appeal, yet, in rare and exceptional cases, it may be issued, although such remedy exists."

The question involved in this case being so vital to the due administration of the criminal laws of the state, and of such widespread importance in the discharge of the official duties of justices of the peace of the state, we hold it falls within the exception to the general rule and are settling the issues involved in the case now, rather than to require same to be brought to this court on appeal or by petition in error.

The fact that the justice of the peace might receive his costs from the defendant in case of conviction does not render such judgment void nor disqualify him to sit in the trial of the case. The writ is therefore denied.

EDWARDS, P. J., and DAVENPORT, J., concur.