BUSCHOW LUMBER COMPANY *v.* ELLIS.

4-4663

Opinion delivered May 24, 1937.

Thomas M. Parker and W. L. Parker, for appellant.
W. A. Bates and Donald Poe, for appellee.

SMITH, J.    Appellee sued Buschow Lumber Company, a foreign corporation, and Eugene Blackwell, for $750 alleged to be due as compensation for services rendered defendants in locating and purchasing timber. It was alleged that Blackwell was the agent or partner of the corporation in the purchase of the timber, but took the title thereto in his own name for the corporation. A verdict was rendered against the corporation only, from which is this appeal. As no judgment was rendered against Blackwell it will not be necessary to consider whether Blackwell had rendered himself personally liable to appellee.

Appellee was engaged in the business of locating and estimating merchantable timber and of buying it for resale or of assisting others in buying it from the owners. It was agreed that the usual compensation for such services in assisting others to purchase timber was 25 cents per thousand feet.

The testimony on appellee's behalf was to the effect that he assisted Blackwell in buying, either for himself or for the corporation, a number of tracts of timber, for all of which he had been paid except for two tracts of timber, one referred to as the Waring tract, the other as the Holoman tract. The estimated stumpage of the Waring tract was two and one-half million feet, that of the Holoman tract five hundred thousand feet. The commission sued for on the Waring tract was $625, on the

Holoman tract $125, making a total of $750, for which amount judgment was rendered in appellee's favor.

Appellee testified that his contract was made with O. C. Buschow, who was the managing officer of the corporation in this state, and that Buschow directed him to report to and co-operate with Blackwell concerning purchases of timber. This he did, and through his efforts contact was made with the owners of the Waring and the Holoman timber, the title thereto being taken in the name of Blackwell by the use of timber deeds furnished for that purpose by the corporation. The contract of employment was made March 1, 1933, and was to continue for the remainder of that year, and was renewed for 1934, and again renewed for the year 1935. A portion of the Waring timber was purchased in 1933, the remainder in 1935. The Holoman timber was purchased between those dates.

Several witnesses were offered to corroborate and sustain appellee's contention; other witnesses, including Blackwell, to contradict it. This conflict in the testimony made a question of fact which was submitted to and is concluded by the verdict of the jury. The instructions submitting these questions of fact are not abstracted, and it will, therefore, be conclusively presumed that the issues were correctly submitted.

A motion was filed to quash the service both as to Blackwell and as to the corporation, but the motion does not appear to have been disposed of. The failure to request a ruling upon this motion was in effect an abandonment thereof. *Plunkett* v. *State National Bank,* 90 Ark. 86, 117 S. W. 1079. At any rate, an answer was filed denying the allegations of the complaint, which did not preserve the question of service. It was, therefore, waived. *Chicago, R. I. & P. Ry. Co.* v. *Jaber,* 85 Ark. 232, 107 S. W. 1170; *Tindall* v. *Layne,* 139 Ark. 590, 214 S. W. 1; *Williams* v. *Montgomery,* 179 Ark. 611, 17 S. W. (2d) 875.

It is finally insisted that the court erred in refusing to grant a new trial on account of newly-discovered evidence. The only reference to this testimony appears in the motion for a new trial. It was held, in the case of

*Cravens* v. *State,* 95 Ark. 321, 128 S. W. 1037, that "Motions for new trials cannot be used to bring up on the record matters which should appear in the bill of exceptions." Moreover, the allegations in reference to this newly-discovered evidence were not supported by affidavit, and no showing was made as to the diligence employed in discovering this evidence or to excuse the failure of offering it at the trial. Besides, it appears to be merely cumulative of other similar testimony offered at the trial by appellant, for all or any of which reasons it was not error to overrule the motion for a new trial on account of newly-discovered evidence.

There appears to be no error calling for the reversal of the judgment, and it must, therefore, be affirmed. It is so ordered.