Ronald Gene KILLION *v.* CITY of Waldron

CR 76-142                                   542 S.W. 2d 744

Opinion delivered November 8, 1976

Appellant, *Pro Se.*

*Donald Goodner,* for appellee.

GEORGE ROSE SMITH, Justice. The appellant was fined in the Waldron municipal court for having failed to stop for a red traffic light. Upon trial *de novo* in the circuit court the jury returned a verdict of guilty and imposed a $25 fine. This appeal is evidently prosecuted as a matter of principle.

The appellant asserts, although the record does not clearly show, that the trial in the municipal court consisted of this statement by the municipal judge: "The officer is going to say that you did run the light, you will say you did not. I will find you guilty, and I know that you will appeal. I do not wish to waste my time. I find you guilty; now file your appeal." An appeal to circuit court was duly taken.

If the appellant's version of what occurred in the municipal court is correct, the municipal judge clearly deserves censure for conduct wholly lacking in that patience and impartiality which should characterize all judicial proceedings. Nevertheless, we cannot follow the appellant's argument that the circuit court was somehow deprived of jurisdiction to hear the matter. It is true that the municipal court had exclusive jurisdiction in the first instance over violations of city ordinances. Ark. Stat. Ann. § 22-709 (Repl.

1962). That jurisdiction, however, was exercised by the municipal court's finding of guilty and its imposition of a fine. Even though the court's exercise of its jurisdiction was erroneous, owing to its refusal to hear testimony, the statute provides for an appeal to the circuit court, where the accused is entitled to an entirely new trial, "as if no judgment had been rendered" in the municipal court. Ark. Stat. Ann. § 44-509 (Repl. 1964). It appears that the appellant received a fair trial in the circuit court — a trial that was not influenced or affected by whatever may have taken place in the municipal court. We find no basis for setting aside the circuit court's judgment.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and JONES, JJ.