Gary HOGAN *v.* STATE of Arkansas

CR 86-27                                    712 S.W.2d 295

Supreme Court of Arkansas
Opinion delivered July 7, 1986

*Guy Jones, Jr., P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by; *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. On August 21, 1984, the appellant, Gary Hogan, was found guilty by the Little Rock Municipal Court of driving while intoxicated. He was sentenced on September 24, 1984. An appeal was taken to the Pulaski County Circuit Court for a trial de novo where he was also found guilty. On appeal to this court, appellant argues that the municipal court exceeded its jurisdictional authority by waiting more than thirty days before sentencing. We find no merit in appellant's argument and affirm. Jurisdiction is pursuant to Sup. Ct. R. 29(1)(c).

Appellant contends that Ark. R. Cr. P. Rule 36.4 and Ark. Stat. Ann. § 75-2506 (Supp. 1985) were violated by the municipal court. Rule 36.4 states that after the verdict, "sentencing and the entry of the judgment may be postponed to a date certain then fixed by the court, not more than thirty (30) days thereafter, . . . ." Section 75-2506 provides that a presentence report shall be provided within thirty days of a DWI conviction, but does not limit the time a court has in which to sentence a defendant.

In addition to the fact that we have held this thirty day provision of Rule 36.4 is not mandatory, *Hoke v. State*, 270 Ark. 134, 603 S.W.2d 412 (1980), appellant cannot rely on an error in the municipal court after he has received an entirely new trial in the circuit court, "as if no judgment had been rendered" in the municipal court. Ark. Stat. Ann. § 44-509 (Repl. 1977); *Killion v. State*, 260 Ark. 560, 542 S.W.2d 744 (1976). Appellant received a fair trial in the circuit court, unaffected by the proceedings in the municipal court, and therefore there is no basis for reversing the judgment. *Killion*, supra.

Affirmed.