Robert Harold MUNNERLYN *v.* STATE of Arkansas

CR 86-193                              730 S.W.2d 895

Supreme Court of Arkansas
Opinion delivered June 22, 1987

*Gregory E. Bryant*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Robert Munnerlyn, appellant, was found guilty of three counts of aggravated robbery, for which he was sentenced to three consecutive sixty-year sentences; and two counts of theft of property, for which he received two one-year sentences. A statement given by Munnerlyn shortly after his arrest on December 5, 1985, in which he gave a detailed account of his involvement in the robberies, was admitted into evidence at the trial. Munnerlyn contends that the trial court erred in overruling his motions to suppress the confession because it was not intelligently and voluntarily given and was the result of an illegal arrest. We affirm his convictions.

Munnerlyn first argues that his statement was not knowingly and voluntarily given because he was under the influence of drugs at the time the statement was made. Munnerlyn was arrested at his home at 8:30 p.m. and gave the police his statement at 9:44 p.m. Munnerlyn, in his recorded statement, openly and coherently recounted details of the robberies.

At the hearing on his motion to suppress, police officers testified that he was read his rights twice and indicated he understood them. One officer stated that, when told he did not have to talk to the police, Munnerlyn said "I know. You've got me." One police officer, who was present during the taking of the statement, testified that Munnerlyn appeared cognizant and knew what was going on. Another officer stated that he did not ask him if he was on drugs because he appeared to be normal. The deputy prosecutor who was in attendance specifically asked Munnerlyn whether or not he was under the influence of any drugs or alcohol to which Munnerlyn responded, "I don't think so. . . . Yes, I'm in full control." There were no allegations by Munnerlyn that police officers used coercion in obtaining the confession.

Munnerlyn testified that he had injected himself with crystal methamphetamine between 2 and 4 p.m. the day of the confession. He said he was still feeling the effect of the drug when he

gave the statement. The only other evidence in support of the motion was testimony by two witnesses, who examined Munnerlyn, that he had sores and marks consistent with repeated needle injections, and expert testimony that crystal methamphetamine creates a lack of fear in an acute situation and that a person is open to suggestions while under the influence of the drug.

When reviewing the admissibility of a confession on appeal, we make an independent determination of the voluntariness of the confession based on the totality of the circumstances, and the trial court's decision will be reversed only if it is clearly against the preponderance of the evidence. *Stone* v. *State*, 290 Ark. 204, 718 S.W.2d 102 (1986). The state bears the burden of proving by a preponderance of the evidence that the confession was knowingly and voluntarily given, and any conflict in the testimony is for the trial court to resolve. *Brown* v. *State*, 277 Ark. 294, 641 S.W.2d 7 (1982). The United States Supreme Court recently held that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'." *Colorado* v. *Connelly*, ___U.S.___, 107 S. Ct. 515 (1986).

In *Brown, supra*, the appellant testified that he was drunk when he gave a statement to the police, and did not remember signing a waiver form or being interrogated. Other defense witnesses agreed that the appellant had been drinking that day, but were in conflict as to what extent it affected his behavior. The police officers who took the statement testified that the appellant understood the waiver, did not appear intoxicated, had control of his faculties, and spoke without slurring his words. We held that the trial court did not err in admitting the confession.

In *Harvey* v. *State*, 272 Ark. 19, 611 S.W.2d 762 (1981), we upheld the admission of a confession where the appellant maintained that he had been drinking heavily the night before, was still drunk while in custody, and did not remember his rights being read to him. The appellant's testimony that he was intoxicated was uncorroborated. His testimony conflicted with that of the officers, who stated they smelled alcohol on his breath but that he was not drunk.

Munnerlyn's testimony was the only evidence that he was under the influence of drugs when he gave his statement. His testimony was contradicted by the testimony of the deputy

prosecuting attorney and the officers, and by his own statements made at the conclusion of his confession. Munnerlyn, in his recorded statement, clearly related details of the robbery, such as how much money was taken; how it was divided with his accomplice; the weapons used in each robbery; and who was in the liquor stores when the robberies were committed. In addition, there was no indication of "coercive police activity" in the taking of the confession. For these reasons, we find no error in the trial court's ruling that the confession was knowingly and voluntarily given.

Munnerlyn claims, as his remaining ground for reversal "that the failure of the state to provide evidence or testimony that there was probable cause to support the issuance of an arrest warrant constitutes grounds for automatic reversal." In making this statement, it appears that Munnerlyn is arguing that the state has the burden of proving that his initial arrest was based on a valid warrant issued pursuant to Ark. R. Crim. P. 7.1(c), and that the rule itself is constitutional. It is impossible for us to consider this issue as it is not developed beyond Munnerlyn's pleading. The record is barren of proof as to the circumstances of his initial arrest, other than the fact he was arrested prior to the charges being filed in circuit court.

The record reveals that on January 2, 1986, Munnerlyn was charged by felony information (which was later amended) in circuit court with several counts of armed robbery. He was arrested on these charges by bench warrant the next day. Later, Munnerlyn was tried and convicted. Prior to trial, Munnerlyn filed several motions, including one labeled "Motion to Suppress Derivative Evidence Obtained Pursuant to Invalid Arrest." This motion stated that on or about November 1, 1985, a warrant of arrest was issued by the Municipal Court of Little Rock charging defendant with the crime of aggravated robbery, and that the warrant of arrest was invalid. It further claimed that Rule 7.1(c) was unconstitutional.

The trial court denied this motion after an omnibus hearing. There was no testimony or proof presented at the hearing as to the existence of an arrest warrant other than the bench warrant issued pursuant to the information filed in circuit court. The officers who participated in the investigation of this case testified

about the arrest on December 5, 1985. However, the record does not reflect testimony indicating whether this arrest was with or without a warrant.

In *Gaylor v. State*, 284 Ark. 215, 681 S.W.2d 348 (1984), we held that all presumptions are favorable to the trial court's ruling on the legality of an arrest and the burden of demonstrating error rests on the appellant. It is not clear from the record whether the trial court, in denying the motion to quash, directed his ruling to the bench warrant issued by the circuit court, or to Munnerlyn's unsupported assertion that his arrest was the result of an illegal warrant issued by a municipal court. In either event, the trial court was correct, for the presumption is that the bench warrant issued by the circuit court is legal, and it is obvious that Munnerlyn has failed to demonstrate or present proof supporting his assertion.

Although the trial court did not make any specific findings as to the constitutionality of Rule 7.1(c), it is assumed that the trial court, in denying the motion to quash or invalidate the arrest, also rejected Munnerlyn's challenge to the constitutionality of the rule. We are unable to address Munnerlyn's argument in this regard since there is no evidence of record as to the issuance of a warrant of arrest other than the circuit court bench warrant. We do not make findings based on unsupported pleadings in criminal cases, as allegations in a motion do not amount to any proof of facts stated therein. *Harvey v. State*, 218 So. 2d 9 (Miss. 1969).

Affirmed.