Donna STEPHENS *v.* STATE of Arkansas

CR 87-208                                    750 S.W.2d 52

Supreme Court of Arkansas
Opinion delivered May 23, 1988
[Rehearing denied June 27, 1988.*]

* Hickman, Hays, and Glaze, JJ., would grant rehearing.

*Guy Jones, Jr., P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. This is an appeal from a Faulkner County Circuit Court jury verdict wherein the appellant was found guilty of driving under the influence of intoxicants in violation of Ark. Stat. Ann. § 75-2503 (Ark. Code Ann. § 5-65-103 (1987)). She was sentenced to thirty (30) days in jail and fined $750.00. The appellant argues that she was denied her right to a speedy trial. We agree that the appellant was denied her Sixth Amendment right to a speedy trial and reverse and dismiss.

On June 28, 1984, the appellant was arrested and charged with driving under the influence of intoxicants. She was tried and convicted in municipal court on January 23, 1986. She immediately appealed to the circuit court and a trial was held on June 22, 1987.

On June 19, 1987, the appellant filed a motion to dismiss in the circuit court. Several grounds for dismissal were alleged. The third paragraph of the motion reads as follows:

> Defendant motioned and requested trial court [municipal court] to dismiss for failure to prosecute which is jurisdictional and should have been granted as defendant was charged on June 28, 1984 with the offense of DWI and was not tried until January 23, 1986.

No verbatim record of the trial in the municipal court was made. However, the motion to dismiss filed in the circuit court specifically alleges assertion of her speedy trial rights in the municipal

court. In the absence of a stenographic report of the proceedings in the municipal court, we are unable to determine whether the appellant asserted her right to a speedy trial. However, her case was tried de novo in the circuit court on the exact same charge. Therefore, she was free to utilize the same defense in the circuit court.

Appeals from the municipal courts to the circuit courts are tried de novo. Appeals to circuit courts are controlled by Ark. Code Ann. § 16-96-507 (1987) which reads as follows:

> Upon the appeal, the case shall be tried anew as if no judgment had been rendered, and the judgment shall be considered as affirmed if a judgment . . . is rendered against the defendant, and thereupon he shall be adjudged to pay costs of the appeal.

We have restated this principle many times. In *Killion v. City of Waldron*, 260 Ark. 560, 542 S.W.2d 744 (1976), this court decided a case dealing with an erroneous ruling by a municipal court relating to a violation of a traffic law. The case was appealed to the circuit court where it was tried de novo to a jury. On appeal Killion argued the erroneous ruling of the municipal court. We held that even though the municipal court erred, the accused was not entitled to rely upon such error because he had the right to appeal to the circuit court where he was entitled to a new trial "as if no judgment had been rendered in the municipal court." We affirmed the action by the circuit court because the appellant received a fair trial, i.e., the trial in the circuit court had not been influenced or affected by what had taken place in the municipal court.

Again we held, in *Hogan v. State*, 289 Ark. 402, 712 S.W.2d 295 (1986), that "appellant cannot rely on an error in the municipal court after he has received an entirely new trial in the circuit court, 'as if no judgment had been rendered' in the municipal court." Even if the municipal court lacks jurisdiction to proceed with an information, this defect is cured on appeal to the circuit court because the trial in the circuit court is de novo. *Hill v. State*, 174 Ark. 886, 298 S.W. 321 (1927).

■ Counsel for appellant filed a motion to dismiss for lack of a speedy trial before the appellant was tried in the circuit court.

By the time the motion was made it had been almost three years since the appellant's arrest. More that nineteen months elapsed before her trial in the municipal court. The trial in circuit court is tried as though there had been no trial in municipal court. Therefore the speedy trial issue was timely raised.

██ The leading case of *Barker* v. *Wingo*, 407 U.S. 514 (1972), resolves most of the issues raised in this case. In addressing the remedy for the denial of a defendant's constitutional right to a speedy trial, the *Barker* opinion stated:

> This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a new trial, *but it is the only possible remedy.* [Emphasis added.]

The holding of the *Barker* opinion prescribes the balancing tests which are necessarily involved in the speedy trial issue. The Court held that there are four basic factors to be considered in determining whether a defendant's right to a speedy trial has been violated. These are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) the prejudice to the defendant.

██ The length of the delay is usually the triggering mechanism; otherwise, the matter would probably go unnoticed. An inquiry into such a delay necessarily involves the circumstances of each case and is therefore applied on an ad hoc basis. In the present case a nineteen month delay, in a trial for driving under the influence, most certainly triggers the speedy trial issue. There is nothing in the record concerning this delay other than the previously mentioned motion to dismiss filed by the appellant's attorney prior to commencement of the circuit court trial.

██ After the speedy trial issue is raised it becomes necessary to determine the reasons the state assigns to justify the delay. The first issues to be considered, if the accused is denied a speedy trial, are the sanctions imposed upon the state and whether the appellant waived the right to a speedy trial. Certainly it is prejudicial for the state to deliberately delay the trial in order to gain an advantage for the state or hinder the defenses of the accused. *United States* v. *Marion*, 404 U.S. 307 (1971). The

*Barker* opinion stated: "A more neutral reason such as negligence or overcrowded courts should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant."

■ Whether a defendant has asserted his right to a speedy trial must be carefully examined. We must consider the length of and reason for the delay and the prejudice which may have resulted from such a delay. The defendant's assertion of such a right in most cases disposes of the question. *Shaw* v. *State*, 18 Ark. App. 243, 712 S.W.2d 338 (1986). The accused is entitled to every reasonable presumption against waiver. *Aetna Ins. Co.* v. *Kennedy*, 301 U.S. 389 (1937). Courts should not presume acquiescence in the loss of fundamental rights. *Ohio Bell Tel. Co.* v. *Public Utilities Comm'n*, 301 U.S. 292 (1937). In *Carnley* v. *Cochran*, 369 U.S. 506 (1962), the Supreme Court held:

> Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandably rejected the offer. Anything less is not a waiver.

The Court has ruled similarly with respect to waiver of other rights designed to protect the accused. See *Miranda* v. *Arizona*, 384 U.S. 436 (1966); *Boykin* v. *Alabama*, 395 U.S. 238 (1969). This court has also recognized that waiver may not be presumed from a silent record. *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984).

Admittedly it is impossible to define the exact time in every case when the right to a speedy trial must be asserted or waived. However, that does not place the burden of proof upon the defendant. After all, a defendant is under no duty to bring himself to trial. The Supreme Court held in *Dickey* v. *Florida*, 398 U.S. 30 (1970), that the right to a prompt inquiry into criminal charges is fundamental and it is the duty of the charging authorities to provide a prompt trial. The right of a speedy trial is so fundamental it is guaranteed by the Constitution and is "not to be honored only for the vigilant and knowledgeable." *Hodges* v. *United States*, 408 F.2d 543 (8th Cir. 1969).

In deciding whether a defendant can waive his right to a speedy trial, the Supreme Court in *Barker* held:

> We reject, therefore, the rule that a defendant who fails to demand a speedy trial forever waives his right. This does not mean, however, that the defendant has no responsibility to assert his right. We think the better rule is that the defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right.

The appellant contends that she was denied a speedy trial in the municipal court and also that she was denied a speedy trial in the circuit court. Again we find the *Barker* opinion helpful:

> We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.

In *Harwood* v. *Lofton*, 288 Ark. 173, 702 S.W.2d 805 (1986), we held that "once the accused has shown that the trial is to be held after the speedy trial period expires the state has the burden of showing the delay was legally justified." We discussed the speedy trial issue at some length in *Novak* v. *State*, 294 Ark. 120, 741 S.W.2d 243 (1987). The *Novak* opinion clearly placed the burden of showing the necessity of the delay on the state. The *Novak* opinion, after applying the balancing test established in *Barker*, "placed the primary burden on the courts and prosecutors to assure that cases are brought to trial." The opinion further stated: "[A] defendant has no duty to bring himself to trial; rather the state has that duty, as well as the duty of insuring the trial is consistent with due process." The *Novak* opinion was decided essentially on the four factors relating to a speedy trial as enumerated in *Barker*. Arkansas Rules of Criminal Procedure

Rule 28 would likewise require a similar result.

The other issues argued by the appellant are rendered moot in view of our ruling that the appellant was denied her right to a speedy trial. After reviewing the circumstances in this case, and applying the balancing process required by *Barker*, we hold that the appellant's right to a speedy trial was violated. Although dismissal of the charge is a rather severe remedy it is the only possible one for denial of a speedy trial.

Reversed and dismissed.

HICKMAN, HAYS and GLAZE, JJ., dissent.

STEELE HAYS, Justice, dissenting. Based on neither rule nor case law, and without notice to the trial bench, the majority holds that if the period between the date of an arrest and the date of trial in municipal court exceeds the time for speedy trial provided by A.R.Cr.P. Rule 28 (now one year in this instance), then the charges must be dismissed. It makes no difference whether the defendant moved to dismiss the charges in municipal court, nor does it matter whether the defendant may have been the cause of the delay, the mere time element, per se, is sufficient. I respectfully disagree and will attempt to demonstrate several reasons why this case should be affirmed.

These are the significant dates:

June 28, 1984—Appellant arrested for DWI.

January 23, 1986—Appellant tried in municipal court.

January 23, 1986—Appeal to circuit court.

April 13, 1986—Counsel notified of jury trial setting for week of June 16.

June 22, 1987—Jury trial in circuit court.

At 3:45 on Friday afternoon before the jury trial on Monday, appellant filed a motion to dismiss, which makes no mention of speedy trial. On Monday morning appellant moved for a dismissal on two grounds: 1) the appellant was not tried in municipal court within one year of the date of her arrest and 2) she was not tried in circuit court within one year of her appeal. The second argument has not been pursued on appeal before this court and

need not be discussed, except to note that appellant *was* tried in circuit court within the applicable time as then prescribed by A.R.Cr.P. Rule 28, that is, eighteen months.

First, neither motion was timely. As the state pointed out to the circuit judge, it had no notice that speedy trial was to be asserted by the appellant and, hence, the state had no opportunity to determine and prove whether there were excludable periods under A.R.Cr.P. Rule 28.3. In exactly the same circumstance, in *Summers* v. *State*, 292 Ark. 237, 729 S.W.2d 147 (1987), we refused to dismiss a petition to revoke a probation which was not heard within sixty days, as required by Ark. Stat. Ann. § 41-1209(2) (Repl. 1977). Our refusal was based on the failure of the defendant to make a timely objection to the delay, hence the state was not placed on notice before the hearing that such objection would be raised. "The state was prejudiced by this lack of notice because it did not have the opportunity to present any evidence regarding whether there was a delay in returning Summers to Arkansas and whether he was unavailable during that time period." Id., at 239. The identical situation exists here.

Second, we have no transcript or other evidence of the proceedings in municipal court and therefore it is impossible to determine whether appellant waived the right to a speedy trial by not raising the issue in that court, *as required* by A.R.Cr.P. Rule 28.1(f); *Duncan* v. *State*, 294 Ark. 105, 740 S.W.2d 923 (1987); *Richardson* v. *State*, 292 Ark. 140, 728 S.W.2d 189 (1987). Nor can we determine whether there were excludable periods under Rule 28.3 chargeable to the appellant. On this ground alone the case should be affirmed.

The majority accepts without question the assertion of the appellant that the defendant "motioned and requested the trial court to dismiss for failure to prosecute which is jurisdictional," as evidence that the issue of speedy trial was raised in municipal court. But we are not bound by the mere allegations of a pleading. *Munnerlyn* v. *State*, 292 Ark. 467, 730 S.W.2d 895 (1987); *Green* v. *State*, 223 Ark. 761, 270 S.W.2d 895 (1954); *Buschow Lumber Co.* v. *Ellis*, 194 Ark. 104, 105 S.W.2d 531 (1937); *Booth* v. *St. Louis Southwestern Ry. Co.*, 170 Ark. 801, 281 S.W. 8 (1926). It is the appellant's burden to produce a *record* that demonstrates error and a proper objection thereto. *S.D. Leasing*

*Inc.* v. *RNF Corp.*, 278 Ark. 530, 647 S.W.2d 447 (1983). Appellant has provided neither.

Third, A.R.Cr.P. Rule 28, by its own language, applies to charges pending in *circuit court* and appellant has cited nothing to support the contention that the rule applies to municipal court. If the majority concludes that the rule should be broadened to apply to municipal court trials, it ought, at least, to revise the rule in a manner that adopts appropriate procedures and gives reasonable notice to the bench and bar, as well as to the public.

Fourth, even if Rule 28 were now applicable to municipal courts, the rule does not require a trial within one year, as appellant argued below, except as to charges filed *after* October 1, 1987. It is undisputed that the charge against appellant was filed no later than June 28, 1984.

The majority cites cases holding that it is the state's burden to show the speedy trial requirement was not breached by the prosecution. But those cases have no relevance to the facts of this case where the state had no notice prior to the commencement of trial that speedy trial in municipal court was to be an issue on appeal in circuit court.

I submit the judgment of the circuit court should be affirmed.

HICKMAN, J., and GLAZE, J., join this dissent.